IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| INGE GOODSON, | ) |
| | ) |
| v. | ) Case No. |
| | ) |
| BANK OF AMERICA, N.A. | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. This action seeks redress for collection practices utilized by Defendant Bank of America, N.A., formerly known as BAC Home Loans Servicing, LP (together, "Bank of America"), that violate the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. § 1692 et seq., by sending to Plaintiff Inge Goodson an FDCPA communication in connection with the collection of a debt which contained at least one false, deceptive or misleading representation or means when, among other things, it stated that she owed in excess of the amount of the loan and that, according to Bank of America's agent, misidentified the creditor to whom that debt was owed.

## PARTIES

2. Plaintiff Inge Goodson is an individual who resides at 6914 McAdoo Branch Road, Lyles TN 37098.

3. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. §1692a(3), due to her mortgage note, and Defendant sought to collect a "debt" from Plaintiff. The mortgage note (and matters relating to its collection) constitute the collection of a "debt" within the meaning of the FDCPA, 15 U.S.C. § 1692a(5), in that the mortgage note was "incurred for personal, family or household purposes" because Ms. Goodson used the debt to purchase a home.

1

4. Bank of America is a national bank and is, among other things, engaged in the business of collecting debts owed to others incurred for personal, family or household purposes.

5. Defendant is a general "debt collector" as defined in the first sentence of 15 U.S.C. § 1692a(6) in that it is an entity that "regularly collects or attempts to collect, directly or indirectly, debts owed or due to be asserted to be owed or due another."

6. Defendant is a debt collector in regard to Ms. Goodson due to the fact that it obtained servicing or subservicing rights in regard to her debt after her debt was in default.

## JURISDICTION AND VENUE

7. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k, et. seq., and jurisdiction exists as well via 28 U.S.C. §§ 1331 and 1337.

8. Venue in this District is proper because the defendant sent the offending communication to Plaintiff within this District.

## FACTUAL ALLEGATIONS

9. The Plaintiff in this action is Inge Goodson. Ms. Goodson refinanced the purchase of real property located at 6914 McAdoo Branch Road, Lyles TN 37098 with money obtained by way of a residential mortgage loan from Taylor, Bean and Whitaker Mortgage Corporation.

10. Upon information and belief, Ms. Goodson's mortgage described herein was insured by the Federal Housing Administration (FHA).

11. Ms. Goodson's mortgage went into default in 2009, and Ms. Goodson was in the process of attempting to obtain a modified loan when Taylor, Bean and Whitaker Mortgage Corporation ceased a majority of its operations later that year in August 2009, with a bankruptcy filing on or about August 24, 2009. Upon information and belief, a number of Taylor, Bean and Whitaker Mortgage Corporation employees or executives have been convicted, pled guilty to or

2

otherwise have been indicted for fraud and other civil or criminal activity relating to the company's mortgage loan and servicing practices.

12. Upon information and belief, Ms. Goodson's mortgage note was sold by Taylor, Bean and Whitaker Mortgage Corporation and was included in a mortgage-backed security via the Government National Mortgage Association (GINNIE MAE or GNMA).

13. On August 23, 2009, BAC Home Loans Servicing, LP sent Ms. Goodson a letter stating that "the servicing of your home loan was recently transferred to BAC Home Loans Servicing, LP" and that "[u]nder the Fair Debt Collections Practices Act . . . BAC Home Loans is considered a debt collector." That same August 23, 2009 letter indicated that GINNIE MAE is the name of the creditor to whom the debt is owed.

14. BAC Home Loans Servicing, LP sent the August 23, 2009 letter to Ms. Goodson, in part, because BAC Home Loans Servicing, LP (which is now Defendant Bank of America by merger) was a "debt collector" under the FDCPA in that servicing of the loan was transferred to BAC Home Loans Servicing, LP after the loan was in default.

15. On or about May 10, 2010, Plaintiff received a letter from Shapiro & Kirsch, LLP dated May 6, 2010 declaring that it had been retained to collect on an alleged debt owed to "their client," which was described as BAC Home Loans Servicing, LP F/K/A Countrywide Home Loans Servicing, LP, and which represented that BAC Home Loans Servicing, LP F/K/A Countrywide Home Loans Servicing, LP was the creditor to whom the debt is owed.

16. The debt to which that May 10, 2010 letter referred was the residential mortgage loan discussed above.

17. Bank of America, via Shapiro & Kirsch, subsequently foreclosed on Ms. Goodson's property in August 2010.

18. Bank of America and Shapiro & Kirsch have represented that BAC Home Loans Servicing, LP F/K/A Countrywide Home Loans Servicing, LP purchased the property at foreclosure for $260.643.41.

19. Bank of America and Shapiro & Kirsch have represented that this amount of $260.643.41 was provided as consideration for the purchase of the property.

20. On or about July 8, 2011, Ms. Goodson received a communication from Defendant Bank of America stating that she owed $278,681.40 on the debt as of June 30, 2011. The debt to which that letter referred was the residential mortgage loan discussed above.

21. Ms. Goodson disputed the debt via letter dated July 8, 2011.

22. Bank of America responded via letter from its agent dated October 7, 2011. That letter included a payment history on the loan, which shows that no payment was made on the loan associated with the supposed purchase of the property by Bank of America at foreclosure.

23. The communications from Defendant violates the FDCPA because they contain false, deceptive or misleading representations.

24. BAC Home Loans Servicing, LP F/K/A Countrywide Home Loans Servicing, LP obtained only the servicing rights to Plaintiff's loan after Plaintiff's loan was in default. BAC Home Loans Servicing, LP F/K/A Countrywide Home Loans Servicing, LP therefore is not a "creditor" under the FDCPA on Plaintiff's loan because 15 U.S.C. § 1692a(4) specifically excludes from the definition of creditor "any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another."

25. BAC Home Loans Servicing, LP F/K/A Countrywide Home Loans Servicing, LP (now Bank of America) is not a creditor under the FDCPA in regard to Ms. Goodson's debt because it does not own the mortgage note.

26. BAC Home Loans Servicing, LP F/K/A Countrywide Home Loans Servicing, LP (now Bank of America) is not a creditor under the FDCPA in regard to Ms. Goodson's debt because it obtained only servicing rights to the debt after the debt was in default and is collecting the debt on behalf of another entity.

27. BAC Home Loans Servicing, LP F/K/A Countrywide Home Loans Servicing, LP (now Bank of America) was in the business of calculating monthly principal and interest payments and sending a monthly bill to a mortgagor or grantor to that effect, collecting monthly payments from the mortgagor or grantor then distributing the payments to the investor or note holder, acting as an escrow agent for property taxes and home insurance (in this case on a loan it acquired that were already in default).

## COUNT I – FDCPA VIOLATIONS

28. Plaintiff repeats and realleges the allegations in the preceding paragraphs of this Complaint, and incorporate the same herein by reference as though set forth herein in full.

29. Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

30. By reason of the conduct alleged herein, Defendant has violated 15 U .S .C. § 1692e.

31. By reason of the conduct alleged herein, Defendant has violated 15 U .S .C. § 1692g.

32. Ms. Goodson is entitled to an award "any actual damages sustained" by her "as a result" of the violation and additional statutory damages of up to one thousand dollars ($1,000).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

1. A finding and declaration that Defendant's practices have violated the FDCPA;

2. An award of actual damages sustained by Plaintiff Goodson as a result of Defendant's violations of the FDCPA;

3. An award of additional statutory damages for Ms. Goodson;

4. An award of Plaintiff's attorneys' fees, litigation expenses and costs of suit; and

5. Such other or further legal or equitable relief as the Court deems proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff and the putative class request a trial by jury on all of their claims.

Respectfully submitted,

By: _____
Patrick Barrett (No. 20394)
Barrett Law Office, PLLC
2021 Richard Jones Road, Suite 300
Nashville, Tennessee 37215
Telephone: (615) 463-4000
Facsimile: (615) 463-3717
Email: pbarrett@barrettlawofficetn.com

Henry Franklin Todd, Jr.
Todd & Spencer Law Firm
404 E College Street
Dickson, TN 37055
(615) 446-0511
Fax: (615) 441-3437
Email: henrytoddjr@bellsouth.net

John R. Ates
Ates Law Firm, P.C.
1800 Diagonal Road
Suite 600
Alexandria, VA 22314
(703) 647-7501
Fax: (703) 229-6430
Email: j.ates@ateslaw.com
(Not admitted to this Court or Tennessee)

*Attorneys for Plaintiffs*