# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

**INGE GOODSON,**

    **Plaintiff,**

v.                                               Case No. 1:12-cv-00065

**BANK OF AMERICA, N.A.,**

    **Defendant.**

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION TO DISMISS BY BANK OF AMERICA, N.A.

Defendant Bank of America, N.A. ("Defendant"), by its undersigned attorneys, respectfully moves the Court to dismiss the Complaint filed by Plaintiff Inge Goodson ("Plaintiff") pursuant to Federal Rules of Civil Procedure Rule 12(b)(6) for failing to state a claim upon which relief may be granted. In support of its arguments, Defendant states as follows:

### INTRODUCTION AND FACTUAL BACKGROUND[1]

According to the allegations contained in Plaintiff's Complaint, Plaintiff refinanced her home loan with money she obtained from Taylor, Bean and Whitaker Mortgage Corporation. Compl. ¶ 9. Plaintiff defaulted on her mortgage obligations in 2009, and was attempting to obtain a loan modification when Taylor, Bean and Whitaker ceased the majority of its operations and filed for bankruptcy protection. Compl. ¶ 11.

Plaintiff received a letter from BAC Home Loan Servicing, LP ("BACHLS"), dated August 23, 2009, containing a Fair Debt Collection Practices Act ("FDCPA") disclaimer and

---

[1] The facts pled in Plaintiff's Complaint are taken as true for purposes of this motion only.

informing Plaintiff that the Government National Mortgage Association ("Ginnie Mae") was the creditor to whom Plaintiff owed the debt. Compl. ¶ 13. Nearly nine months later, Plaintiff received a letter from Shapiro & Kirsch, LLP, dated May 6, 2010, stating that Shapiro & Kirsch was retained to collect a debt owed to BACHLS. Compl. ¶ 15. Plaintiff lost her home through foreclosure in August of 2010. Compl. ¶ 17.

Plaintiff received correspondence from BANA on or about July 8, 2011, stating that as of June 30, 2011, Plaintiff owed $278,681.40. Compl. ¶ 20. Plaintiff then contends that after she disputed the debt, she received a letter from BANA's "agent," dated October 7, 2011, which included a payment history that did not include a payment made in connection with the purchase of the property at foreclosure. Compl. ¶ 22. Plaintiff's allegations do not reveal the identity of said "agent." *See generally* Compl. As a result of these correspondences, Plaintiff seeks actual damages, although her Complaint contains no allegation that she suffered any damages. Compl. ¶ 32. Plaintiff likewise seeks statutory damages for "Defendant's violations" of the FDCPA. *See generally* Compl. However, as will be set forth below, Plaintiff has failed to state a valid claim for relief under the FDCPA, and her complaint must be dismissed, in its entirety.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a complaint for "failure to state a claim upon which relief can be granted." In ruling on the pending motion to dismiss, all well-pled factual allegations in Plaintiff's complaint must be accepted as true and construed in the light most favorable to Plaintiff. *LULAC v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). But "[t]he standard of review 'requires more than the bare assertion of legal conclusions.' And, this Court 'need not accept as true legal conclusions or unwarranted factual inferences.'" *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 361 (6th Cir. 2001) (citations omitted).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and quotations omitted). More specifically, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quotation omitted). To survive a Rule 12(b)(6) motion, "[t]he factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *LULAC*, 500 F.3d at 527.

## ARGUMENT

**PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM FOR RELIEF UNDER THE FDCPA.**

Although Plaintiff's Complaint does not specify which communications she contends violate the FDCPA, none of the communications discussed in the complaint can form the basis for an actionable FDCPA claim. As an initial matter, the August 23, 2009 correspondence and the May 6, 2010 correspondence cannot form the basis of Plaintiff's claim because the statute of limitations has expired with regard to those claims. The statute of limitations for an FDCPA claim runs one year from the date of the allegedly violating communication. *See* 15 U.S.C. § 1692k(d). Plaintiff filed the instant action on July 6, 2012. Accordingly, even if the August 23, 2009 correspondence or the May 6, 2010 correspondence did violate the provisions of the FDCPA, which BANA emphatically denies, an FDCPA claim based on either of those communications is time barred and must be dismissed.

Plaintiff's Complaint contains allegations of only one communication from BANA to Plaintiff that is not time barred—the June 30, 2011 correspondence—and one communication from an unidentified "agent" of BANA dated October 7, 2011. Compl. ¶¶ 20-22. However, neither of those communications can form the basis of Plaintiff's FDCPA claim, because BANA is not a debt collector for the purposes of the FDCPA.

The FDCPA defines a "debt collector" as "any person . . . who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). However, the Act expressly excludes from the term "debt collector" "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity (i) is incidental to a bona fide fiduciary obligation or a bona fide escrow arrangement." *Id.* Indeed, "Creditors and their fiduciaries are not 'debt collectors' subject to the FDCPA." *Mansour v. Cal-Western Reconveyance Corp.*, 618 F. Supp. 2d 1178 (D. Ariz. 2009).

Here, BANA was the servicing agent of Ginnie Mae, and therefore owed fiduciary obligations to Ginnie Mae, which precludes a determination that BANA served as a debt collector under the FDCPA. *See* 15 U.S.C. § 1692a(6)(F)(i). Thus, even if BANA could otherwise be classified as a debt collector pursuant to the FDCPA, because BANA's debt collecting activities were incidental to a bona fide fiduciary obligation it owed to Ginnie Mae, those activities would not subject BANA to the requirements of the FDCPA with regard to the servicing of the loan at issue in the instant case.

Finally, Plaintiff's allegation that BANA identified itself as a debt collector in an FDCPA disclaimer cannot save her otherwise deficient FDCPA claim. *See Chomilo v. Shapiro, Nordmeyer & Zielke, LLP*, No. 06-3103 (RHK/AJB), 2007 U.S. Dist. LEXIS 67826, at *16-17

CO525:CO219:953707:1:NASHVILLE
4
Case 1:12-cv-00065   Document 5   Filed 08/09/12   Page 4 of 6 PageID #: 16

(D. Minn. 2007) (cited with approval by *Stamper v. Wilson & Assocs.*, No. 3:09-cv-270, 2010 U.S. Dist. LEXIS 31770 (E.D. Tenn. Mar. 31, 2010)) (holding that a defendant's decision to err on the side of caution by including FDCPA disclaimers is not sufficient to impose liability under the FDCPA).

Thus, because BANA is not a debt collector for the purposes of the FDCPA, as its debt collection activities were incidental to its fiduciary obligations owed to Ginnie Mae, Plaintiff's FDCPA claim fails as a matter of law.

### IV.  <u>CONCLUSION</u>

For the foregoing reasons, Defendant respectfully requests that this Court grant its motion to under Rule 12(b)(6) and dismiss Plaintiff's Complaint for failing to state a claim upon which relief may be granted.

Respectfully submitted,

 /s/ Lauren Paxton Roberts
Lauren Paxton Roberts (B.P.R. No. 25049)
STITES & HARBISON, PLLC
SunTrust Plaza
401 Commerce Street, Suite 800
Nashville, TN  37219
(615) 782-2284 (phone)
(615) 742-0729 (fax)
*Lauren.roberts@stites.com*
*Counsel for Bank of America, N.A.*

## CERTIFICATE OF SERVICE

I do hereby certify that true and exact copies of the foregoing **Memorandum of Law in Support of Defendant's Motion to Dismiss** has this day been filed with the Clerk of the Court using the CM/ECF system and mailed a true copy of same via prepaid First Class mail, and electronic mail to:

>Patrick Barrett
>Barrett Law Office, PLLC
>2021 Richard Jones Road, Suite 300
>Nashville, Tennessee 37215
>pbarrett@barrettlawofficetn.com
>
>Henry Franklin Todd, Jr.
>Todd & Spencer Law Firm
>404 E. College Street
>Dickson, Tennessee 37055
>henrytoddjr@bellsouth.net
>
>John R. Ates
>Ates Law Firm, P.C.
>1800 Diagonal Road
>Suite 600
>Alexandria, Virginia 22314
>j.ates@ateslaw.com
>
>*Attorneys for Plaintiff*

Dated this 9th day of August, 2012.

          /s/ Lauren Paxton Roberts
          Lauren Paxton Roberts