| | |
|---|---|
| INGE GOODSON, | |
| Plaintiff, | |
| v. | Case No. 1:12-cv-00065 |
| BANK OF AMERICA, N.A., | |
| Defendant. | |

# [PROPOSED] CASE MANAGEMENT ORDER

## Jurisdiction and Venue

Jurisdiction is proper in this case because Plaintiff has raised a claim for a violation of the Fair Debt Collection Practices Act ("FDCPA"), a federal statute. Therefore, jurisdiction is appropriate 28 U.S.C. § 1331. Venue is also proper because the communications that allegedly violated the FDCPA were sent to the Plaintiff within the Middle District of Tennessee. *See* 28 U.S.C. § 1391(b).

## Parties' Theories of the Case

### Plaintiff's Theory of the Case

Defendant Bank of America, N.A. ("Defendant") sent communications to Plaintiff Inge Goodson ("Goodson") in violation of the FDCPA on July 8, 2011, and October 7, 2011. The July 8, 2011 letter falsely stated that Goodson still owed $278,681.40 on the mortgage loan despite Bank of America, N.A. allegedly buying the home at foreclosure in August 2010, allegedly paying nearly that amount for the home. After Goodson contested the debt as falsely represented in the July 2011 communication, Defendant sent Goodson an additional letter that

shows that there was no payment associated with the foreclosure that was credited to her loan and which again falsely indicated that Goodson owed more than $270,000 on her loan.

Neither of Defendant's two claimed defenses apply. First, the bona fide error defense does not apply because that relates to typographical and other clerical errors, not to repeated, intentional communications that falsely state the amount owed. Second, Defendant is a debt collector within the meaning of the FDCPA, as it was collecting the debt owed to another post-default. The definition of "creditor" within the FDCPA excludes an entity that "receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another." 15 U.S.C. § 1692a(4). That is precisely what Goodson alleges occurred in this case. Under binding Sixth Circuit precedent, Defendant must either be a creditor or a debt collector when it seeks to collect on Goodson's debt. Because Defendant expressly does not fall within the definition of creditor, it must be a debt collector. And, Defendant's letters stating it was a debt collector are evidence that it is a debt collector. *See Reese v. Ellis, Painter, Ratterree & Adams, LLP*, 678 F.3d 1211, 1218 (11th Cir. 2012) (holding entity's self-designation as a debt collector is properly considered); *Bourff v. Rubin Lublin, LLC*, 674 F.3d 1238, 1241–42 (11th Cir.2012) (same); *Maynard v. Cannon*, 410 Fed. Appx. 389, 393 (10th Cir. 2010) (noting, on question of whether defendant was debt collector, that its communication at the time of the foreclosure included "various notices required by the FDCPA, and followed the other procedural requirements of the Act"). Nor does the "incidental to a bona fide fiduciary obligation" exception to debt collector apply, as Defendant's actions in attempting to collect the debt were not "incidental to" any claimed fiduciary obligation it owed to the investor in the loan, the Government National Mortgage Association. 15 U.S.C. § 1692a(6). Accordingly, Defendant is liable for its violations of the FDCPA under the circumstances pleaded in the Complaint.

2

### Defendant's Theory of the Case

Plaintiff Inge Goodson ("Plaintiff") pleads that Defendant Bank of America, N.A. ("Defendant") sent communications to her in violation of the FDCPA. Plaintiff does not identify which communications support her FDCPA claim; however, she pleads four communications in her Complaint. Those communications were sent on August 23, 2009, May 6, 2010, July 8, 2011, and October 7, 2011. If Plaintiff intends to base the FDCPA claim upon the August 2009 and May 2010 communications, such a claim is barred by the one-year statute of limitations under the FDCPA. *See* 15 U.S.C. § 1692k(d). If Plaintiff intends to base her FDCPA claim upon the July 2011 or October 2011 communications, the FDCPA claim still fails for two reasons. First, although Defendant sent Plaintiff in July 2011 indicating that Plaintiff still owed $278,681.40 on the mortgage loan despite foreclosure, Defendant sent a follow up letter roughly two weeks later which clearly informed Plaintiff that the previous letter was sent in error. Thus, this letter cannot support an FDCPA claim because it was sent unintentionally and should be considered a bona fide error. *See* 15 U.S.C. § 1692k(c). Second, Defendant is not a "debt collector" for purposes of the FDCPA because it was attempting to collect this debt incidental to a bona fide fiduciary obligation it owed to the investor in the loan, the Government National Mortgage Association. 15 U.S.C. § 1692a(6). Moreover, simply because Defendant identified itself as a "debt collector" in its communications to Plaintiff does not mean that it is subject to the FDCPA in this case. *See, e.g., Stamper v. Wilson & Assocs.*, No. 3:09-cv-270, 2010 U.S. Dist. LEXIS 31770 (E.D. Tenn. Mar. 31, 2010). Accordingly, Defendant cannot be held liable for a violation of the FDCPA under the circumstances pleaded in the Complaint.

3

Case 1:12-cv-00065   Document 12   Filed 09/21/12   Page 3 of 8 PageID #: 62
Case 1:12-cv-00065   Document 13   Filed 10/02/12   Page 3 of 7 PageID #: 70

Schedule of Pretrial Proceedings

### Rule 26(a)(1) Disclosure

The parties shall make their Rule 26(a)(1)(A) through (E) disclosures within (30) days from the date of the initial case management conference, by October 24, 2012.

### Meeting of Counsel and Parties to Discuss Settlement Prospects

One hundred twenty (120) days from the date of the initial case management conference, counsel and clients are required to have a face-to-face meeting to discuss whether this case can be resolved without further discovery proceedings. If a party, other than a natural person, is involved in this litigation, a representative who has the authority to settle shall attend this meeting on behalf of that party. After the meeting is conducted, counsel shall prepare a report and file it with the Court reflecting that the parties met and that the parties made a good faith effort to evaluate the resolution of this case. This report should also include whether the parties believed that one of the Alternative Dispute Resolution ("ADR") procedures under the Local Rules would further assist the parties in resolving this matter.

### Other Pretrial Discovery Matters

As determined at the case management conference on ~~Monday~~, September 24, 2012, this action is set for a jury trial on ~~Monday, July 22~~, Tuesday, 23 [handwritten] 2013, at 9:00 a.m. in Columbus [handwritten]

If this action is to be settled, the Law Clerk shall be notified by noon, **Friday, July 19, 2013**. If the settlement is reached thereafter resulting in the non-utilization of jurors, the costs of summoning jurors may be taxed to the parties, dependent upon the circumstances.

A pretrial conference shall be held **Monday, July 8, 2013, at ~~1:30~~ 3:00** [handwritten] p.m. A proposed pretrial order shall be submitted at the pretrial conference.

All discovery shall be completed by the close of business on March **22, 2013**. All written discovery shall be submitted in sufficient time so that the response shall be in hand by March 22,

4

2013. All discovery related statements shall be filed by the close of business on **April 1, 2013**. No motions related to discovery or for a protective order shall be filed until a discovery/protective order dispute conference has taken place and the attorneys of record shall attend and meet, face-to-face, in an effort to resolve the dispute and a jointly signed discovery/protective order dispute statement is submitted setting forth precisely the remaining issues in dispute and the reasons why those issues remain unresolved.

All dispositive motions[1] and Daubert motions shall be filed by the close of business on **April 22, 2013**, and any response thereto shall be filed by the close of business on May **28, 2013**. Any reply shall be filed by the close of business on **June 4, 2013**.[2]

Any motion to amend the pleadings or join parties shall be filed in sufficient time to permit any discovery necessary because of the proposed amendment to be obtained within the time for discovery. No amendments will be allowed if to do so will result in a delay in the disposition of the action by requiring an extension of the discovery deadline.

There shall be no stay of discovery pending disposition of any motions.

The response time for all written discovery and requests for admissions is thirty (30) days.

Interrogatories from one party to another party pursuant to Rule 33, Federal Rules of Civil Procedure, shall be limited to sixty (60) such interrogatories. Subparts of a question shall be counted as additional questions for purposes of the overall number. In all other respects, Rule 33.01, Local Rules of Court (effective April 19, 2012) shall govern.

---

[1] No memorandum in support of or in opposition to any motion shall exceed twenty (20) pages. No reply shall be filed to any response unless invited by the Court.
[2] Strict compliance is required to Rule 56.01, Local Rules of Court (effective April 19, 2012) relating to motions for summary judgment.

5

Case 1:12-cv-00065   Document 12   Filed 09/21/12   Page 5 of 8 PageID #: 64
Case 1:12-cv-00065   Document 13   Filed 10/02/12   Page 5 of 7 PageID #: 72

By the close of business on **March 25, 2013**, the plaintiff shall declare to the defendants (not to file with the Court) the identity of her expert witnesses and provide all the information specified in Rule 26(a)(2)(B).

By the close of business on **April 26, 2013**, the defendants shall declare to the plaintiff (not to file with the Court) the identity of their expert witnesses and provide all the information specified in rule 26(a)(2)(B).

Any supplements to expert reports shall be filed by the close of business on **May 3, 2013**.

There shall not be any rebuttal expert witnesses.

To reduce the needless expenditure of time and expense, there shall not be any discovery depositions taken of expert witnesses. A party may, however, serve contention interrogatories and requests for admissions upon another party's expert. If these discovery methods prove ineffective, a party may move to take the deposition of the expert. In a diversity action, a treating physician is considered a fact witness unless the physician expresses opinions beyond the physician's actual treatment of the party.

For expert witnesses, the expert's Fed. R. Civ. P. 26(a)(2) report is considered to be the expert's direct examination testimony at trial. If an expert expects to expound his or her testimony beyond the wording of the expert's report, the party calling the expert shall inform the opposing party with the specifics of that expounding testimony at least 15 days prior to the dispositive motion deadline.

These rules on experts are to ensure full compliance with Rule 26(a)(2); to enable the parties to evaluate any Daubert challenges prior to filing dispositive motions; to avoid conflicts with the experts' schedules; and to avoid the costs of expert depositions.

6

Case 1:12-cv-00065   Document 12   Filed 09/21/12   Page 6 of 8 PageID #: 65
Case 1:12-cv-00065   Document 13   Filed 10/02/12   Page 6 of 7 PageID #: 73

Local Rule 39.01(c)(6) (effective April 19, 2012) relating to expert witnesses shall apply in this action, and strict compliance is required.

It is so **ORDERED**.

ENTERED this the 1st day of ~~September~~ October, 2012.

_____
WILLIAM J. HAYNES, JR.
United States District Judge

Approved for Entry:

| | |
|---|---|
| Patrick Barrett (No. 20394) <br> Barrett Law Office, PLLC <br> 2021 Richard Jones Road, Suite 300 <br> Nashville, Tennessee 37215 <br> Telephone: (615) 463-4000 <br> Facsimile: (615) 463-3717 <br> Email: pbarrett@barrettlawofficetn.com | Lauren Paxton Roberts <br> Stites & Harbison, PLLC (Nashville) <br> SunTrust Plaza <br> 401 Commerce Street <br> Suite 800 <br> Nashville, TN 37219 <br> (615) 782-2284 <br> Fax: (615) 742-0729 <br> Email: lauren.roberts@stites.com |

John R. Ates (pro hac vice)
Ates Law Firm, P.C.
1800 Diagonal Road
Suite 600
Alexandria, VA 22314
Telephone: (703) 647-7501
Facsimile: (703) 229-6430
Email: j.ates@ateslaw.com

Attorneys for Plaintiff

Attorneys for Defendant

7

Case 1:12-cv-00065   Document 12   Filed 09/21/12   Page 7 of 8 PageID #: 66
Case 1:12-cv-00065   Document 13   Filed 10/02/12   Page 7 of 7 PageID #: 74