**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

INGE GOODSON,

      *Plaintiff,*

v.

                                **Case No. 1:12-cv-00065**

BANK OF AMERICA, N.A.,

      *Defendant.*

---

<u>**DEFENDANT BANK OF AMERICA, N.A.'S STATEMENT OF UNDISPUTED**</u>
<u>**MATERIAL FACTS**</u>

      Pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56.01(b), Defendant Bank of America, N.A. ("BANA") hereby submits its Statement of Material Facts in support of its Motion for Summary Judgment.

      1.     On March 21, 2008, Plaintiff executed a note (the "Note") in favor of Taylor, Bean and Whitaker Mortgage Corporation in the principal amount of $235,226.00.  Response to Requests for Admission ¶ 1; the Note, attached hereto as Exhibit A.

      **Response:**


      2.     On March 21, 2008, Plaintiff executed a deed of trust ("Deed of Trust") conveying her residence, located at 6914 Mcadoo Branch Road, Lyles, Tennessee 37098 to secure payment of the Note in the amount of $235,226.  Plaintiff's Responses to Requests for Admission ¶ 2, attached hereto as Exhibit C; Deed of Trust, attached hereto as Exhibit B.

      **Response:**

3.     Under the loan's terms, Plaintiff agreed to make monthly payments of principal and interest in the amount of $1372.72 starting May 1, 2008.  *See* Exhibit A.

**Response:**


4.     In March 2009, Plaintiff stopped paying her mortgage and defaulted on her mortgage obligations.   Plaintiff's Responses to Requests for Admission, attached hereto as Exhibit C; Excerpts of Deposition Testimony of Inge Goodson, taken on March 20, 2013, attached hereto as Exhibit L, 20:18--21:2.

**Response:**


5.     On August 23, 2009, BAC Home Loan Servicing LP ("BACHLS") sent Plaintiff a letter ("August 23 Letter") stating the servicing of Plaintiff's home loans was recently transferred to BACHLS, and this letter included a Fair Debt Collection Practices ("FDCPA") notice. Compl. ¶ 13; August 23 Letter, attached hereto as Exhibit D.

**Response:**


6.     On or about May 10, 2010, Plaintiff received a letter ("May 6 Letter") from Shapiro & Kirsch, LLP, dated May 6, 2010, stating that it had been retained to collect on a debt owed to their client.  Compl. ¶ 15; May 6 Letter, attached hereto as Exhibit E.

**Response:**

7.      On August 3, 2010, the Property was foreclosed on.  *See* Compl. ¶ 17; Exhibit L at 24:21-25.

**Response:**


8.      Following the foreclosure, Plaintiff remained living in the Property and is currently still living in the Property.  Exhibit L at 5:9-13.

**Response:**


9.      Plaintiff has not made any payments on her Loan or rent payments for the Property since March 2009.  Exhibit L at 20:24-21:16.

**Response:**


10.      On or about July 8, 2011, Plaintiff received a letter ("July 8 Letter") from BANA stating that servicing her home loan was transferred from BACHLS to BANA.  Compl. ¶ 20; July 8 Letter, attached hereto as Exhibit F.

**Response:**


11.      Plaintiff was asked to identify where the July 8 Letter makes a demand for payment.  The only specific demand that Plaintiff was able to identify was the notice at the bottom of the first page of the July 8 Letter that states: "Bank of America, N.A. is required by law to inform you that this communication is from a debt collector attempting to collect a debt." Exhibit L at 24:14-15, 25:14-26:4, 26:5-27:7.

**Response:**

12. Plaintiff received a letter dated July 13, 2011 ("July 13 Letter") from BANA informing her that the July 8 Letter was sent in error and asking Plaintiff to disregard the July 8 Letter. July 13 Letter, attached hereto as Exhibit G; Exhibit L at 27:13-25.

**Response:**


13. On July 8, 2011, Plaintiff sent a letter to BANA disputing the debt mentioned in the July 8 Letter from BANA. Comp. ¶ 22; July 8, 2011 Letter from Plaintiff to BANA, attached hereto as Exhibit H.

**Response:**


14. In a letter dated October 7, 2011 ("October 7 Letter"), Blank Rome LLP, on behalf of BANA, responded to Plaintiff's July 8, 2011, letter requesting verification of her debt. Compl. ¶ 22; October 7 Letter, attached hereto as Exhibit I.

**Response:**


15. Plaintiff was unable to identify where the October 7 Letter made a demand for payment. Exhibit L at 40:3-41:5.

**Response:**


16. Blank Rome LLP is not the law firm that conducted the foreclosure on Plaintiff's property. *See* Compl. ¶ 15.

**Response:**

17.     Plaintiff was asked to "describe in detail the damages allegedly caused by the letter she received on or about July 8, 2011." *See* Plaintiff's Response to BANA's First Set of Interrogatories, attached hereto as Exhibit J.  Plaintiff stated only that she "claims emotional harm damages arising from such letter." *See* Exhibit J.

**Response:**


18.     Plaintiff was asked to "describe in detail the damages allegedly caused by the letter dated October 7, 2011."  *See* Exhibit K.  Plaintiff stated only that she "claims emotional harm damages arising from such letter".  *See* Exhibit J.

**Response:**


19.     BANA requested an itemized statement of all damages Plaintiff claims to have suffered as a result of BANA's alleged actions.  *See* Exhibit J.  Plaintiff again stated that she "claims emotional harm damages arising from tehse [sic] violations" but did not provide any additional description of her alleged injuries or the circumstances surrounding those injuries. *See* Exhibit J.

**Response:**


20.     Plaintiff was asked to "produce any documents related to the total computation of damages claims in the Lawsuit"; "produce any and all documents which demonstrate that you suffered damages as a result of Defendant's letter allegedly received by Plaintiff on or about July 8, 2011"; "produce any and all documents which demonstrate that you suffered damages as a

result of Defendant's letter dated October 7, 2011." *See* Plaintiff's Responses to BANA's First Set of Requests for Production of Documents, attached hereto as Exhibit K at ¶¶ 11, 12 and 13.

**<u>Response:</u>**


21.    As of April 15, 2013, Plaintiff has provided no documents to BANA as evidence of any actual damages that Plaintiff alleges she incurred on or after July 8, 2011. *See* Exhibits K; Exhibit L.

**<u>Response:</u>**


22.    Plaintiff left her job at Southeastern Pant Company before she received the July 8, 2011 letter or the October 7, 2011 letter. *See* Exhibit F; Exhibit I; Exhibit L at 13:7-24.

**<u>Response:</u>**


23.    Plaintiff saw her therapist, Dr. Champion, for the first time after the foreclosure sale in 2010. *See* Exhibit L at 14:7-12.

**<u>Response:</u>**


24.    Plaintiff testified in her deposition that her doctor and therapist appointments took place beginning in September 2010 and continuing for about six or seven months. Exhibit L at 13:25-14:16.

**<u>Response:</u>**

25.  Plaintiff testified that she scheduled an appointment with her therapist in July 2011.  Exhibit L at 31:3-13.

**Response:**

26.  Plaintiff stopped taking the antidepressants that Dr. Champion prescribed to her before she received the July 8, 2011 letter or the October 7, 2011 letter.  *See* Exhibit L at 15:2-13.

**Response:**

27.  Plaintiff has produced no evidence of actual damages that occurred on or after October 7, 2011.  *See* Exhibit J; Exhibit K; Exhibit L.

**Response:**

This the 22nd day of April, 2013.                    Respectfully submitted,

/s/ Paul Allen England
Lauren Paxton Roberts (BPR No. 25049)
Paul Allen England  (BPR No. 26288)
STITES & HARBISON, PLLC
SunTrust Plaza
401 Commerce Street, Suite 800
Nashville, TN  37219
(615) 782-2200 (phone)
(615) 742-0705 (fax)
*Lauren.roberts@stites.com*
*Paul.england@stites.com*

Kelli Burns (pro hac vice)
McGuireWoods LLP
201 N. Tryon St.
Suite 3000
Charlotte, NC 28202
Direct Dial: 704-343-2172
Direct Fax: 704-373-8828
*kburns@mcguirewoods.com*
*Counsel for Bank of America, N.A.*

## CERTIFICATE OF SERVICE

I hereby certify that on April 22, 2013, a copy of the foregoing was filed electronically with the Clerk's office by using the CM/ECF system and served electronically and/or via first-class U.S. mail, postage prepaid, upon all counsel as indicated below.  Parties may also access this filing through the Court's ECF system.

Patrick Barrett                                    Henry Franklin Todd, Jr.
Barrett Law Office, PLLC                           Todd & Spencer Law Firm
2021 Richard Jones Road, Suite 300                 404 E. College Street
Nashville, Tennessee 37215                         Dickson, Tennessee 37055
pbarrett@barrettlawofficetn.com                    henrytoddjr@bellsouth.net

John R. Ates
Ates Law Firm, P.C.
1800 Diagonal Road
Suite 600
Alexandria, Virginia 22314
j.ates@ateslaw.com

/s/ Paul Allen England
Paul Allen England