IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| INGE GOODSON,<br><br>    *Plaintiff*,<br><br>v.<br><br>BANK OF AMERICA, N.A.,<br><br>    *Defendant*. | Case No. 1:12-cv-00065 |

**DEFENDANT BANK OF AMERICA, N.A.'S REPLY TO PLAINTIFF'S COUNTERSTATEMENT OF FACTS AND RESPONSE TO DEFENDANT'S STATEMENT OF UNDISPUTED FACTS**

Pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56.01(b), Defendant Bank of America, N.A. ("BANA") hereby submits, by and through counsel, its Reply to Plaintiff's Counterstatement of Facts and Response to Defendant's Statement of Undisputed Facts ("Reply"). Concurrently with this Reply, BANA has filed a Motion to Strike Exhibits M, O, P, Q, R, & U to Plaintiff's Counterstatement of Facts on the basis that these exhibits are not competent evidence in this case. Accordingly, BANA objects to many of the stated facts on grounds more thoroughly explained in the Motion to Strike. In Reply to Plaintiff's Counterstatement of Facts, BANA states as follows:

1. Goodson refinanced her home in 2008 with Taylor Bean & Whitaker (TBW), and she signed a note and deed of trust. *See* SMF #1 and 2, below.

**Response:** Undisputed.

2. TBW included Goodson's loan in a mortgage-backed security (MBS) issued by Government National Mortgage Association (Ginnie Mae) in April 2008. Exhibit M (Ginnie Mae Dep. at 12:12-14:6; 24:20-25:8; 31:15-32:22; 42:16-45:22 and Exhibits at Ex. 3, 4).

**Response:** BANA objects to this statement of fact pursuant to Fed. R. Civ. P. 56(c)(2) on the grounds that it is not supported by admissible evidence. Specifically, BANA contends that Plaintiff cannot rely on the deposition of the Government National Mortgage Association ("Ginnie Mae") (Exhibit M to Plaintiff's Counterstatement of Facts) because BANA was not represented at this deposition, BANA did not have notice of this deposition, the case for which the deposition was taken involves a different subject matter, and this case is between different parties than the case for which this deposition was taken. *See* Fed. R. Civ. P. 32. BANA further objects to Plaintiff's use of this deposition on the grounds that it is inadmissible hearsay. *See* Fed. R. Evid. 801-804. Subject to these objections, this statement of fact is undisputed but immaterial.

3. Ginnie Mae acts as a guarantor for payment of principle and interest on the loans comprising the MBS. *See* Ex. M (Ginnie Mae Dep. at 15:1-6).

**Response:** BANA objects to this statement of fact pursuant to Fed. R. Civ. P. 56(c)(2) on the grounds that it is not supported by admissible evidence. Specifically, BANA contends that Plaintiff cannot rely on the deposition of Ginnie Mae because BANA was not represented at this deposition, BANA did not have notice of this deposition, the case for which the deposition was taken involves a different subject matter, and this case is between different parties than the case for which this deposition was taken. *See* Fed. R. Civ. P. 32. BANA further objects to Plaintiff's use of this deposition on the grounds that it is inadmissible hearsay. *See* Fed. R. Evid. 801-804. Subject to these objections, this statement of fact is undisputed but immaterial.

4. The MBS is a trust, and the trust owns the mortgages in the pool comprising the MBS upon issuance of the security. Ex. M (Ginnie Mae Dep.at 27:4-29:18; 31:10-14).

**Response:** BANA objects to this statement of fact pursuant to Fed. R. Civ. P. 56(c)(2) on the grounds that it is not supported by admissible evidence. Specifically, BANA contends that Plaintiff cannot rely on the deposition of Ginnie Mae because BANA was not represented at this deposition, BANA did not have notice of this deposition, the case for which the deposition was taken involves a different subject matter, and this case is between different parties than the case for which this deposition was taken. *See* Fed. R. Civ. P. 32. BANA further objects to Plaintiff's use of this deposition on the grounds that it is inadmissible hearsay. *See* Fed. R. Evid. 801-804. Subject to these objections, this statement of fact is undisputed but immaterial.

5. The debt from the mortgages included within the MBS, which included Goodson's mortgage loan debt, is owed to the MBS. *Id.* (Ginnie Mae Dep. 44:2-18).

**Response:** BANA objects to this statement of fact pursuant to Fed. R. Civ. P. 56(c)(2) on the grounds that it is not supported by admissible evidence. Specifically, BANA contends that Plaintiff cannot rely on the deposition of Ginnie Mae because BANA was not represented at this deposition, BANA did not have notice of this deposition, the case for which the deposition was taken involves a different subject matter, and this case is between different parties than the case for which this deposition was taken. *See* Fed. R. Civ. P. 32. BANA further objects to Plaintiff's use of this deposition on the grounds that it is inadmissible hearsay. *See* Fed. R. Evid. 801-804. Subject to these objections, BANA disputes this statement of fact. *See* BANA's Rule 30(b)(6) Deposition, attached as Ex. N to Doc. 25 at 32:17-18.

6. The Federal Reserve Bank of New York was the holder of the MBS that included Goodson's loan. *Id.* (Ginnie Mae Dep. 15:7-10 and Ginnie Mae Dep. Ex. 3, 4). So, the Federal Reserve Bank of New York was the entity to whom Goodson's debt was owed through July 2010. See Ex. M (Ginnie Mae Dep. 68:5-11).

**Response:** BANA objects to this statement of fact pursuant to Fed. R. Civ. P. 56(c)(2) on the grounds that it is not supported by admissible evidence. Specifically, BANA contends that Plaintiff cannot rely on the deposition of Ginnie Mae because BANA was not represented at this deposition, BANA did not have notice of this deposition, the case for which the deposition was taken involves a different subject matter, and this case is between different parties than the case for which this deposition was taken. *See* Fed. R. Civ. P. 32. BANA further objects to Plaintiff's use of this deposition on the grounds that it is inadmissible hearsay. *See* Fed. R. Evid. 801-804. Subject to these objections, BANA disputes this statement of fact. *See* Ex. W at 32:17-18.

7. Ginnie Mae defaulted TBW on August 4, 2009. Exhibit M (Ginnie Mae Dep. 50:12-54:18 and Ginnie Mae Dep. Ex. 5).

**Response:** BANA objects to this statement of fact pursuant to Fed. R. Civ. P. 56(c)(2) on the grounds that it is not supported by admissible evidence. Specifically, BANA contends that Plaintiff cannot rely on the deposition of Ginnie Mae because BANA was not represented at this deposition, BANA did not have notice of this deposition, the case for which the deposition was taken involves a different subject matter, and this case is between different parties than the case for which this deposition was taken. *See* Fed. R. Civ. P. 32. BANA further objects to Plaintiff's use of this deposition on the grounds that it is inadmissible hearsay. *See* Fed. R. Evid. 801-804. Subject to these objections, this statement of fact is undisputed but immaterial.

8. The default of TBW by Ginnie Mae extinguished all rights TBW had to the note, including any right to foreclose. Exhibit M (Ginnie Mae Dep. 51:1-52:16).

**Response:** BANA objects to this statement of fact pursuant to Fed. R. Civ. P. 56(c)(2) on the grounds that it is not supported by admissible evidence. Specifically, BANA contends

4

Case 1:12-cv-00065 Document 28 Filed 06/05/13 Page 4 of 18 PageID #: 705

that Plaintiff cannot rely on the deposition of Ginnie Mae because BANA was not represented at this deposition, BANA did not have notice of this deposition, the case for which the deposition was taken involves a different subject matter, and this case is between different parties than the case for which this deposition was taken. *See* Fed. R. Civ. P. 32. BANA further objects to Plaintiff's use of this deposition on the grounds that it is inadmissible hearsay. *See* Fed. R. Evid. 801-804. Subject to these objections, BANA disputes that the cited testimony supports this statement of fact, and it is immaterial.

9. BANA had no involvement with Goodson's loan, and did not own the loan or hold the note, prior to allegedly taking over servicing of the loan in August 2009. *See* Exhibit N (BofA Dep. at 23:16-24:3).

**Response:** Undisputed.

10. Goodson's loan was in default when BANA began servicing Goodson's loan. Exhibit N (BofA Dep. at 24:4-21). Indeed, Bank of America acknowledged Goodson's loan was "in foreclosure" prior to Bank of America becoming involved with her loan. Exhibit O.

**Response:** BANA objects to the statement "Bank of America acknowledged Goodson's loan was 'in foreclosure' prior to Bank of America becoming involved with her loan" pursuant to Fed. R. Civ. P. 56(c)(2) on the grounds that it is not supported by admissible evidence. Specifically, BANA states that the letter attached as Exhibit O to Plaintiff's Counterstatement of Fact has not been admitted into evidence in this case and has not been authenticated. *See* Fed. R. Evid. 901. Subject to these objections, this statement of fact is undisputed.

11. BANA sent Goodson a letter dated August 23, 2009, identifying Ginnie Mae as the creditor on her loan. Exhibit N (BofA Dep. at 26:10-28:1 and BofA Ex. 89).

5

**Response:** Undisputed but immaterial because Plaintiff's claim is time barred to the extent that it is based on the letter dated August 23, 2009.

12. BANA testified that it was attempting to collect payments on Goodson's loan for Ginnie Mae. Exhibit N (BofA dep. at 59:12-20 ("Q. The payments, if any, BAC collects, is it supposed to go – who is it supposed to go to? A. What do you mean by that statement? The homeowner is supposed to make the payments to BAC Home Loans Servicing. A. All right. And if the homeowner makes those payments, where do the payments go? A. If she were making payments, they would be sent to Ginnie Mae.") (emphasis added).

**Response:** Undisputed.

13. Shapiro & Kirsch, LLP, BANA's lawyers, received information that serving rights to the loan transferred to BANA, after Goodson's loan was in default and after TBW's bankruptcy. *See* Ex. P (S&K Dep. 45:17-23; 36:3-38:3).

**Response:** BANA objects to this statement of fact pursuant to Fed. R. Civ. P. 56(c)(2) on the grounds that it is not supported by admissible evidence. Specifically, BANA contends that Plaintiff cannot rely on the deposition of S&K because BANA was not represented at this deposition, BANA did not have notice of this deposition, the case for which the deposition was taken involves a different subject matter, and this case is between different parties than the case for which this deposition was taken. *See* Fed. R. Civ. P. 32. BANA further objects to Plaintiff's use of this deposition on the grounds that it is inadmissible hearsay. *See* Fed. R. Evid. 801-804. Subject to these objections, BANA disputes that the documents cited support the statement that S&K received this information after TBW's bankruptcy.

14. S&K then was provided information from BANA to foreclose in the name of BANA. Ex. P (S&K Dep. 76:21-25).

**Response:** BANA objects to this statement of fact pursuant to Fed. R. Civ. P. 56(c)(2) on the grounds that it is not supported by admissible evidence. Specifically, BANA contends that Plaintiff cannot rely on the deposition of S&K because BANA was not represented at this deposition, BANA did not have notice of this deposition, the case for which the deposition was taken involves a different subject matter, and this case is between different parties than the case for which this deposition was taken. *See* Fed. R. Civ. P. 32. BANA further objects to Plaintiff's use of this deposition on the grounds that it is inadmissible hearsay. *See* Fed. R. Evid. 801-804. Subject to these objections, this statement of fact is undisputed but immaterial.

15. There were no specific communications at this time that BANA owned and held the debt. *See id.* (S&K Dep. 63:25-78:15 and corresponding exhibits with that testimony). BANA did not own the debt at this time. *See* CSF #24.

**Response:** BANA objects to this statement of fact pursuant to Fed. R. Civ. P. 56(c)(2) on the grounds that it is not supported by admissible evidence. Specifically, BANA contends that Plaintiff cannot rely on the deposition of S&K because BANA was not represented at this deposition, BANA did not have notice of this deposition, the case for which the deposition was taken involves a different subject matter, and this case is between different parties than the case for which this deposition was taken. *See* Fed. R. Civ. P. 32. BANA further objects to Plaintiff's use of this deposition on the grounds that it is inadmissible hearsay. *See* Fed. R. Evid. 801-804. Subject to these objections, this statement of fact is undisputed but immaterial.

16. Goodson's loan was bought out of the mortgage back security pool by Bank of America on behalf of Ginnie Mae, and Ginnie Mae owned the loan at that point, which was some unspecified date in July 2010. Ex. M (Ginnie Mae Dep. 55:11-15; 58:19-60:17; 66:7-67:3).

**Response:** BANA objects to this statement of fact pursuant to Fed. R. Civ. P. 56(c)(2) on the grounds that it is not supported by admissible evidence. Specifically, BANA contends that Plaintiff cannot rely on the deposition of Ginnie Mae because BANA was not represented at this deposition, BANA did not have notice of this deposition, the case for which the deposition was taken involves a different subject matter, and this case is between different parties than the case for which this deposition was taken. *See* Fed. R. Civ. P. 32. BANA further objects to Plaintiff's use of this deposition on the grounds that it is inadmissible hearsay. *See* Fed. R. Evid. 801-804. Subject to these objections, this statement of fact is undisputed but immaterial.

17. After 2010, when Ginnie Mae purchased Goodson's loan out of the pool and became the owner of the loan, Ginnie Mae became the entity owed the debt. *Id.* (Ginnie Mae Dep. 68:9-11).

**Response:** BANA objects to this statement of fact pursuant to Fed. R. Civ. P. 56(c)(2) on the grounds that it is not supported by admissible evidence. Specifically, BANA contends that Plaintiff cannot rely on the deposition of Ginnie Mae because BANA was not represented at this deposition, BANA did not have notice of this deposition, the case for which the deposition was taken involves a different subject matter, and this case is between different parties than the case for which this deposition was taken. *See* Fed. R. Civ. P. 32. BANA further objects to Plaintiff's use of this deposition on the grounds that it is inadmissible hearsay. *See* Fed. R. Evid. 801-804. Subject to these objections, this statement of fact is undisputed but immaterial. BANA further states that Ginnie Mae extended BANA a limited power of attorney effective December 1, 2009 regarding Plaintiff's loan. Ex. 93 to BANA's Rule 30(b)(6) Deposition, attached as Ex. N to Doc. 25.

18. S&K sent Goodson a May 6, 2010 letter that stated BANA was the creditor on Goodson's loan. SMF #6, Ex. E.

**Response:** Undisputed but immaterial because Plaintiff's claim is time barred to the extent that it is based on the letter dated May 6, 2010.

19. BANA was not the creditor on Goodson's note as of May 6, 2010, because the debt was owed to the MBS. CSF #3-6.

**Response:** BANA objects to this statement of fact pursuant to Fed. R. Civ. P. 56(c)(2) on the grounds that it is not supported by admissible evidence. Specifically, BANA contends that Plaintiff cannot rely on the deposition of Ginnie Mae because BANA was not represented at this deposition, BANA did not have notice of this deposition, the case for which the deposition was taken involves a different subject matter, and this case is between different parties than the case for which this deposition was taken. *See* Fed. R. Civ. P. 32. BANA further objects to Plaintiff's use of this deposition on the grounds that it is inadmissible hearsay. *See* Fed. R. Evid. 801-804. Subject to these objections, this statement of fact is disputed. *See* Ex. N to Doc. 25 at 32:17-18. This statement of fact is also immaterial because Plaintiff's claim is time barred to the extent that it is based on the letter dated May 6, 2010.

20. BANA obtained rights to Goodson's debt after that debt was in default and for the purpose of collecting that debt for Ginnie Mae or others. *See* CSF #9-12.

**Response:** Undisputed.

21. Goodson received letters from S&K dated July 6, 2010. *See* Exhibit Q; Exhibit P (S&K Dep. at Ex. 31, Answer to RFA #3 and Ex. B to RFA). The "Substitute Trustee's Sale" indicates: "Owner of Debt: BAC Homes Loans Servicing, LP FKA Countrywide Home Loans Servicing LP." *Id.*

**Response:** BANA objects to this statement of fact pursuant to Fed. R. Civ. P. 56(c)(2) on the grounds that it is not supported by admissible evidence. Specifically, BANA contends that Plaintiff cannot rely on the deposition of S&K because BANA was not represented at this deposition, BANA did not have notice of this deposition, the case for which the deposition was taken involves a different subject matter, and this case is between different parties than the case for which this deposition was taken. *See* Fed. R. Civ. P. 32. BANA further objects to Plaintiff's use of this deposition on the grounds that it is inadmissible hearsay. *See* Fed. R. Evid. 801-804. BANA also objects on the grounds that the letter attached as Ex. Q to Doc. 25 has not been admitted into evidence in this case and is irrelevant to these proceedings. Subject to these objections, this statement of fact is disputed. BANA denies that the citations support the statement of fact that the "Substitute Trustee's Sale" indicates: "Owner of Debt: BAC Homes Loans Servicing, LP FKA Countrywide Home Loans Servicing LP." BANA states that the proper quotation is "the present owner and holder of said indebtedness." The remaining statements of fact in ¶ 21 are undisputed but immaterial because Plaintiff's claim is not based on the letter dated July 6, 2010. (*See gen.* Compl.)

22. BAC Homes Loans Servicing, LP FKA Countrywide Home Loans Servicing LP did not own Goodson's debt as of July 6, 2010. *See* CSF #2-12, 16-17, above.

**Response:** BANA objects to this statement of fact pursuant to Fed. R. Civ. P. 56(c)(2) on the grounds that it is not supported by admissible evidence. Specifically, BANA contends that Plaintiff cannot rely on the deposition of Ginnie Mae because BANA was not represented at this deposition, BANA did not have notice of this deposition, the case for which the deposition was taken involves a different subject matter, and this case is between different parties than the case for which this deposition was taken. *See* Fed. R. Civ. P. 32. BANA further objects to

10

Plaintiff's use of this deposition on the grounds that it is inadmissible hearsay. *See* Fed. R. Evid. 801-804. Subject to these objections, BANA states that this statement of fact is undisputed for purposes of this motion for summary judgment but immaterial because Plaintiff's claim is not based on the letter dated July 6, 2010. (*See gen.* Compl.)

23. S&K prepared and filed in the county land records a purported "Substitution of Trustee" document signed by BANA that BANA is the "owner and holder" of Goodson's debt. Exhibit P (S&K Depo. at Ex. 31, Answer to RFA #17 and Ex. D to RFA).

**Response:** BANA objects to this statement of fact pursuant to Fed. R. Civ. P. 56(c)(2) on the grounds that it is not supported by admissible evidence. Specifically, BANA contends that Plaintiff cannot rely on the deposition of S&K because BANA was not represented at this deposition, BANA did not have notice of this deposition, the case for which the deposition was taken involves a different subject matter, and this case is between different parties than the case for which this deposition was taken. *See* Fed. R. Civ. P. 32. BANA further objects to Plaintiff's use of this deposition on the grounds that it is inadmissible hearsay. *See* Fed. R. Evid. 801-804. Subject to these objections, this statement of fact is undisputed but immaterial.

24. BANA did no "own and hold" Goodson's debt at the time BANA signed that document. Exhibit N.

**Response:** BANA disputes that the cited testimony supports this statement of fact, and it is immaterial.

25. S&K on August 8, 2010, sent Goodson a letter stating that her property had been sold at foreclosure sale. Exhibit R; Exhibit P (S&K Dep. Ex. 27).

**Response:** BANA objects to this statement of fact pursuant to Fed. R. Civ. P. 56(c)(2) on the grounds that it is not supported by admissible evidence. Specifically, BANA contends

11

that Plaintiff cannot rely on the deposition of S&K because BANA was not represented at this deposition, BANA did not have notice of this deposition, the case for which the deposition was taken involves a different subject matter, and this case is between different parties than the case for which this deposition was taken. *See* Fed. R. Civ. P. 32. BANA further objects to Plaintiff's use of this deposition on the grounds that it is inadmissible hearsay. *See* Fed. R. Evid. 801-804. BANA also objects on the grounds that the letter attached as Ex. R to Doc. 25 has not been admitted into evidence in this case and is irrelevant to these proceedings. Subject to these objections, this statement of fact is undisputed but immaterial. Plaintiff's claim is not based on the letter dated August 8, 2010. (*See gen.* Compl.)

26. S&K testified that the property was a "dead credit bid" whereby no money was paid, but that Goodson's loan should be reflected as paid in full. Exhibit P (S&K Dep. 115:15-116:10).

**Response:** BANA objects to this statement of fact pursuant to Fed. R. Civ. P. 56(c)(2) on the grounds that it is not supported by admissible evidence. Specifically, BANA contends that Plaintiff cannot rely on the deposition of S&K because BANA was not represented at this deposition, BANA did not have notice of this deposition, the case for which the deposition was taken involves a different subject matter, and this case is between different parties than the case for which this deposition was taken. *See* Fed. R. Civ. P. 32. BANA further objects to Plaintiff's use of this deposition on the grounds that it is inadmissible hearsay. *See* Fed. R. Evid. 801-804. Subject to these objections, this statement of fact is undisputed but immaterial.

27. S&K executed two substitute trustee deeds, one dated August 3, 2010 (Exhibit P, S&K Dep. Ex. 65), and the other dated May 19, 2011 (Exhibit P, S&K Dep. Ex. 64); Exhibit P (S&K Dep. at 116:3-10; 127:7-22; 129:5-131:23). Both deeds say S&K offered the property for

sale at public outcry "for the highest bidder for cash" and that BAC bought the property for $260,643.41. (Exhibit P, S&K Dep. Ex. 64, 65).

**Response:** BANA objects to this statement of fact pursuant to Fed. R. Civ. P. 56(c)(2) on the grounds that it is not supported by admissible evidence. Specifically, BANA contends that Plaintiff cannot rely on the deposition of S&K because BANA was not represented at this deposition, BANA did not have notice of this deposition, the case for which the deposition was taken involves a different subject matter, and this case is between different parties than the case for which this deposition was taken. *See* Fed. R. Civ. P. 32. BANA further objects to Plaintiff's use of this deposition on the grounds that it is inadmissible hearsay. *See* Fed. R. Evid. 801-804. Subject to these objections, this statement of fact is undisputed but immaterial. Plaintiff's claim is not about the substitute trustee deeds. (*See gen.* Compl.)

28. S&K filed for a detainer summons against Goodson on behalf of its client BANA. Exhibit P (S&K Dep. Exh. at Ex. 24). The filing stated the property was sold at foreclosure on August 3, 2010. *Id*. Judgment was granted to BANA, Exhibit S, but Goodson appealed.

**Response:** BANA objects to this statement of fact pursuant to Fed. R. Civ. P. 56(c)(2) on the grounds that it is not supported by admissible evidence. Specifically, BANA contends that Plaintiff cannot rely on the deposition of S&K because BANA was not represented at this deposition, BANA did not have notice of this deposition, the case for which the deposition was taken involves a different subject matter, and this case is between different parties than the case for which this deposition was taken. *See* Fed. R. Civ. P. 32. BANA further objects to Plaintiff's use of this deposition on the grounds that it is inadmissible hearsay. *See* Fed. R. Evid. 801-804. Subject to these objections, this statement of fact is undisputed but immaterial. Plaintiff's claim is not about the detainer summons. (*See gen.* Compl.)

29. In subsequently filing for summary judgment, S&K filed an affidavit on behalf os its client BANA in state court attesting that "the property was sold to [BAC] for $260,643.41" and filed the substitute trustee deed indicating that the purchase was in cash. *See* Exhibit T.

**Response:** BANA disputes that the affidavit indicated that the purchase was in cash. The affidavit states that "the Substitute Trustee's Deed was executed and consideration exchanged." *See* Ex. T to Doc. 25.

30. Around July 1, 2011, BANA sent Goodson a notice indicating that she still owed a debt. SMF #1, below; Exhibit N (BofA Dep. and Ex. 91). That notice indicated Goodson still owed $278,681.40 on her note and that the creditor was "GMNA-MSS-TBW 9262 AA." *Id.*

**Response:** Undisputed.

31. Goodson requested verification, and BANA responded via its counsel. SMF #13-14; Exhibit N (BofA Dep. and Ex. 94). That letter stated that the current owner of the note is Ginnie Mae. *Id.* That letter also enclosed a payment history. *Id.* That payment history showed no credit or payment related to the supposed purchase by BANA at foreclosure of Goodson's property. *Id.*

**Response:** Undisputed. BANA further states that Plaintiff was living in the Property rent-free at the time that BANA sent this letter and is currently still living in the Property rent-free. Plaintiff's Response to Defendant's Statement of Undisputed Facts, Doc. 25, ¶¶ 7-9. BANA's representative testified in BANA's 30(b)(6) deposition that the payment history does not reflect a payment related to the foreclosure sale because the property is not vacant. Ex. N to Doc. 25 at 108:8-19.

14

32. BANA's witness testified that BANA did not know if it paid cash at foreclosure or even if money was exchanged at foreclosure. Exhibit N (BofA dep. at 61:5-63:10). Nothing was found in the files in that regard. *Id*. (BofA dep. at 65:13-69:9).

**Response:** BANA disputes that the citation supports the statement that "nothing was found in the files in that regard." BANA's witness testified only that nothing was found in that regard in the files that she reviewed in preparing for her deposition. Ex. N to Doc. 25 at 62:18-19; 67:13-16.

33. BANA had no information as to whether it provided anything of value to purchase Goodson's property at foreclosure, and it testified that it was not aware of providing anything of value to purchase Goodson's home at foreclosure. *Id.* (BofA dep. at 119:8-18). BANA did not know whether it paid cash or anything of value for the property, as indicated in the substitute trustee deed filed in state court by S&K on its behalf. *Id*. (See BofA dep. at 120:1-128:5).

**Response:** Undisputed but immaterial.

34. Goodson received another communication from BANA in January 2013, which stated a "payoff amount" of $310,784.22 or her loan. Exhibit N (BofA Dep. and Ex. 95).

**Response:** Undisputed but immaterial. Plaintiff's case is not about the January 2013 letter. (*See gen.* Compl.) Plaintiff further states that this payoff amount was provided as part of the Annual Disclosure Notice required under the 1990 Housing Legislation. Ex. N to Doc. 25, at Ex. 95.

35. BANA mailed Goodson a letter which she received on May 9, 2011, indicating that servicing rights on her loan would transfer to BANA effective July 1, 2011, page 3 of which specifically indicated that "the servicing of [her] mortgage and the right to collect payments in

15

connection with [her] loan" will be transferred effective July 1, 2011. Exhibit U (emphasis added)

**Response:** BANA objects to this statement of fact pursuant to Fed. R. Civl. P. 56(c)(2) on grounds that it is not supported by admissible evidence. This letter has not been admitted into evidence in this case and has not been authenticated. Subject to this objection, BANA disputes that the citation supports the statement that Goodson received the letter on May 9, 2011. The remainder of this statement of fact is undisputed but immaterial. Plaintiff's claim is not based on a letter dated May 2011. (*See gen.* Compl.) Further, any claim based on a letter that Plaintiff received on May 9, 2011 would be time barred.

36. On or about July 1, 2011, BNA mailed a letter which Plaintiff received around July 8, 2011, ("July 8 Letter") stating that servicing her home loan was transferred from BACHLS to BANA. SMF #10.

**Response:** Undisputed.

37. Goodson received a letter dated July 21, 2011 from BANA acknowledging her letter of July 8, 2011, requesting verification of the debt. Exhibit V.

**Response:** Undisputed but immaterial. Plaintiff's claim is not based on a letter dated July 21, 2011. (*See gen.* Compl.)

This the 5th day of June, 2013.                    Respectfully submitted,

/s/Paul Allen England_____
Lauren Paxton Roberts
Paul Allen England
STITES & HARBISON, PLLC
401 Commerce Street, Suite 800
Nashville, Tennessee  37219
(615) 782-2200 (phone)
(615) 742-0705 (fax)
*lauren.roberts@stites.com*
*paul.england@stites.com*

Kelli Burns (pro hac vice)
McGuireWoods LLP
201 N. Tryon St.
Suite 3000
Charlotte, NC 28202
Direct Dial: 704-343-2172
Direct Fax: 704-373-8828
*kburns@mcguirewoods.com*
*Counsel for Bank of America, N.A.*

## CERTIFICATE OF SERVICE

I hereby certify that on June 5, 2013, that a true and correct copy of the foregoing was filed electronically with the Clerk's office by using the CM/ECF system and served electronically and/or via first-class U.S. mail, postage prepaid, as indicated below.

>   Patrick Barrett
>   Barrett Law Office, PLLC
>   2021 Richard Jones Road, Suite 300
>   Nashville, Tennessee 37215
>   pbarrett@barrettlawofficetn.com
>
>   Henry Franklin Todd, Jr.
>   Todd & Spencer Law Firm
>   404 E. College Street
>   Dickson, Tennessee 37055
>   henrytoddjr@bellsouth.net
>
>   John R. Ates
>   Ates Law Firm, P.C.
>   1800 Diagonal Road
>   Suite 600
>   Alexandria, Virginia 22314
>   j.ates@ateslaw.com
>
>   *Attorneys for Plaintiff*

/s/ Paul Allen England
Paul Allen England

998987:1:NASHVILLE