IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

INGE GOODSON,

    *Plaintiff*,

v.

BANK OF AMERICA, N.A.,

    *Defendant*.

Case No. 1:12-cv-00065

## DEFENDANT'S OBJECTIONS TO AND MOTION TO STRIKE EXHIBITS M, O, P, Q, R, AND U TO PLAINTIFF'S COUNTERSTATEMENT OF FACTS

Defendant Bank of America, N.A. ("BANA" or "Defendant"), by its undersigned attorneys, and pursuant to Rule 32 of the Federal Rules Civil Procedure, Rule 56(c)(2) of the Federal Rules of Civil Procedure, Rule 401 of the Federal Rules of Evidence, and Rule 901 of the Federal Rules of Evidence, respectfully submits this Motion to Strike Exhibits M, O, P, Q, R, and U to Plaintiff's Counterstatement of Facts. BANA states that Exhibits M and P are depositions taken in another proceeding that Plaintiff may not use against BANA in this case and that are irrelevant to this proceeding. BANA further states that Exhibits O, Q, R, and U are documents that have not been admitted into evidence in this proceeding, have not been authenticated, and are irrelevant to this proceeding. Alternatively, BANA requests that the Court not consider Plaintiff's Exhibits M, O, P, Q, R, and U in considering BANA's Motion for Summary Judgment. In support of the Motion to Strike, BANA further states as follows:

    **I.    INTRODUCTION**

BANA files this Motion to Strike concurrently with its Reply in Support of Motion for Summary Judgment and Reply to Plaintiff's Counterstatement of Facts. Plaintiff indicates in her Opposition that she relies heavily on her Counterstatement of Material Fact

1

("Counterstatement"), but her reliance on her Counterstatement is inappropriate. The vast majority of Plaintiff's Opposition and Counterstatement is based on factual allegations supported only by citation to two depositions (Exhibits M & P) that were taken in a separate proceeding in which BANA was not a party. (*See gen.* Docs. 25-26.) BANA did not have notice of these depositions, was not represented at these depositions, and did not have the opportunity to cross examine the testifying witnesses. Accordingly, Fed. R. Civ. P. 32(a) does not allow Plaintiff to use these depositions against BANA. Furthermore, Plaintiff's Counterstatement relies on documents (Exhibits O, Q, R, and U) that have not been introduced into evidence in this case, have not been authenticated, and are not relevant to Plaintiff's allegations. Accordingly, the Court should strike Exhibits M, O, P, Q, R, and U from the record or, alternatively, not consider these exhibits in ruling on BANA's Motion for Summary Judgment.

## II.  STANDARD OF REVIEW

"Rule 56(e)(2) leaves no doubt about the obligation of a summary judgment opponent to make her case with a showing of facts that can be established by evidence that *will be admissible at trial*." *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009) (emphasis added); Fed. R. Civ. P. 56(e)(2). Although the submissions made by a party opposing summary judgment do not themselves need to be in a form that would be admissible at trial, "the party opposing summary judgment must show that she *can* make good on the promise of the pleadings by laying out enough evidence that will be admissible at trial to demonstrate that a genuine issue on a material fact exists, and that a trial is necessary." *Id.* (emphasis in original). Accordingly, "'evidence submitted in opposition to a motion for summary judgment must be admissible.'" *Id.* (quoting *Alpert v. United States*, 481 F.3d 404, 409 (6th Cir. 2007). As a result, inadmissible hearsay cannot defeat a motion for summary judgment. *Id.* (citing *Am. Specialty Ins. Co. v.*

2

*Myers,* 111 F.3d 1273, 1283 (6th Cir. 1997). Similarly, the Sixth Circuit has repeatedly emphasized "that unauthenticated documents do not meet the requirements of Rule 56(e)." *Id.* at 558-59 (citing *Michigan Paytel Joint Venture v. City of Detroit*, 287 F.3d 527, 532 n.5 (6th Cir. 2002); *Meals v. City of Memphis, Tenn.,* 493 F.3d 720, 728-29 (6th Cir.2007); *Moore v. Holbrook*, 2 F.3d 697, 699 (6th Cir. 1993)." Courts must disregard documents submitted in opposition to summary judgment that do not satisfy the requirements of Rule 56(e). *Moore,* 2 F.3d at 699.

As Plaintiff has not shown that Exhibits M, P, O, Q, R, and U can be presented in a form that is admissible in evidence at trial, the Court should strike these exhibits from the summary judgment record and disregard them in ruling on BANA's Motion for Summary Judgment.

### III. EXHIBITS M AND P SHOULD BE DISREGARDED

The Court should strike Exhibits M and P to Plaintiff's Counterstatement of Fact from the summary judgment record and disregard them in ruling on BANA's Motion for Summary Judgment. Exhibit M is the Rule 30(b)(6) deposition of a corporate representative of the Government National Mortgage Association ("Ginnie Mae"). (Ex. M to Doc. 25.) Similarly, Exhibit P is the 30(b)(6) deposition of a corporate representative of the law firm Shapiro & Kirsch, LLP ("Shapiro"). (Ex. P to Doc. 25.) These depositions are not admissible at trial against BANA, and Plaintiff has failed to show that they can be presented in a form that would be admissible. Accordingly, the Court should not consider these depositions in ruling on BANA's Motion for Summary Judgment.

Fed. R. Civ. P. 32 governs the use of depositions at trial. Fed. R. Civ. P. 32. The rule states in pertinent part:

(a) Using Depositions.

3

> (1) In General. At a hearing or trial, all or part of a deposition may be used against a party on these conditions:
>
>> (A) the party was present or represented at the taking of the deposition or had reasonable notice of it;
>>
>> (B) it is used to the extent it would be admissible under the Federal Rules of Evidence if the deponent were present and testifying; and
>>
>> (C) the use is allowed by Rule 32(a)(2) through (8) . . .
>
> (8) Deposition Taken in an Earlier Action. A deposition lawfully taken and, if required, filed in any federal- or state-court action may be used in a later action involving the same subject matter between the same parties, or their representatives or successors in interest, to the same extent as if taken in the later action. A deposition previously taken may also be used as allowed by the Federal Rules of Evidence.

Fed. R. Civ. P. 32(a).

Under Rule 32(a), Plaintiff cannot use Exhibit M or Exhibit P at the trial in this matter. First, BANA was not represented at either of these depositions and did not have notice of either of these depositions. (*See* Exs. M & P to Doc. 25; *See* Notices of Deposition, attached hereto as Exhibit A.) In addition, the use is not permitted by Rule 32(a)(8), which governs the use of depositions taken in earlier actions. Specifically, the case for which those depositions were taken does not involve the same subject matter as the present matter. (*See Goodson v. Shapiro & Kirsch, LLP,* No. 1:11-cv-31 (M.D. Tenn.)). Additionally, that case is not between the same parties. Here, Plaintiff has only sued BANA; in the former case, Shapiro is the only defendant. (*See id;* Doc. 1.) BANA is not the representative or successor in interest of Shapiro. Lastly, the depositions are not otherwise admissible under the Federal Rules of Evidence. These deposition transcripts are offered for the truth of the matter asserted and are therefore hearsay that does not fit into any of the recognized hearsay exceptions. *See* Fed. R. Evid. 801-804. Specifically, these depositions do not fall within the former testimony exception in Rule 804(b)(1) because BANA

or its predecessor in interest was not a party to the case against Shapiro and did not have the opportunity to develop the testimony of the witnesses "by direct, cross, or redirect examination." Fed. R. Evid. 804(b)(1).

As the depositions are hearsay and not admissible at trial as currently presented, Plaintiff must show that they are admissible in some other form. *Alexander*, 576 F.3d at 558. Plaintiff has not made this showing. Accordingly, the Court should strike Exhibits M & P to Plaintiff's Counterstatement of Fact from the summary judgment record and disregard these depositions in ruling on BANA's Motion for Summary Judgment.

### IV. EXHIBITS O, Q, R, AND U SHOULD BE DISREGARDED.

The Court should also strike from the summary judgment record and disregard Exhibits O, Q, R and U. These exhibits have not been admitted into evidence in this case and are unauthenticated. Exhibit O is a letter dated December 10, 2010 that Plaintiff alleges she received from BANA. (*See* Ex. O to Doc. 25.) Exhibits Q and R are letters dated July 6, 2010 and August 8, 2010, respectively, that Plaintiff alleges she received from Shapiro. (*See* Ex. Q to Doc. 25.) Neither of these exhibits has been admitted into evidence in this case, and they are irrelevant. Exhibit U is a letter dated May 9, 2011 that Plaintiff alleges she received from BANA. (*See* Ex. U to Doc. 25.) Like Exhibit O, this letter has not been admitted into evidence and has not been authenticated.

In sum, Exhibits O and U are unauthenticated and cannot be used to defeat summary judgment for that reason alone. *Alexander*, 576 F.3d at 558-59 ("unauthenticated documents do not meet the requirements of Rule 56(e).") Furthermore, Exhibits Q & R have not been admitted as evidence in this case. Plaintiff has made no showing that these documents are relevant to this case or are admissible in the trial of this matter. Accordingly, the Court should strike Exhibit O,

5

Q, R and U from the summary judgment record and disregard those exhibits when considering BANA's Motion for Summary Judgment. *Alexander*, 576 F.3d at 561 ("[B]ecause the defendant objected, it would have been improper for the district court to consider documents that were not admissible in evidence."

## CONCLUSION

As explained above, Plaintiff has not shown that Exhibits M, O, P, Q, R, and U to Plaintiff's Counterstatement of Facts can be presented in a form that is admissible at trial. Accordingly, Plaintiff cannot use these exhibits to defeat BANA's Motion for Summary Judgment. The Court should strike Exhibits M, O, P, Q, R, and U from the summary judgment record and disregard these exhibits in ruling on BANA's Motion for Summary Judgment.

This the 5th day of June, 2013.					Respectfully submitted,

/s/ Paul Allen England_____
Lauren Paxton Roberts
Paul Allen England
STITES & HARBISON, PLLC
401 Commerce Street, Suite 800
Nashville, Tennessee  37219
(615) 782-2200 (phone)
(615) 742-0705 (fax)
*lauren.roberts@stites.com*
*paul.england@stites.com*

Kelli Burns (pro hac vice)
McGuireWoods LLP
201 N. Tryon St.
Suite 3000
Charlotte, NC 28202
Direct Dial: 704-343-2172
Direct Fax: 704-373-8828
*kburns@mcguirewoods.com*
*Counsel for Bank of America, N.A.*

CERTIFICATE OF SERVICE

       I hereby certify that on June 5, 2013, that a true and correct copy of the foregoing was filed electronically with the Clerk's office by using the CM/ECF system and served electronically and/or via first-class U.S. mail, postage prepaid, as indicated below.

       Patrick Barrett
       Barrett Law Office, PLLC
       2021 Richard Jones Road, Suite 300
       Nashville, Tennessee 37215
       pbarrett@barrettlawofficetn.com

       Henry Franklin Todd, Jr.
       Todd & Spencer Law Firm
       404 E. College Street
       Dickson, Tennessee 37055
       henrytoddjr@bellsouth.net

       John R. Ates
       Ates Law Firm, P.C.
       1800 Diagonal Road
       Suite 600
       Alexandria, Virginia 22314
       j.ates@ateslaw.com

       *Attorneys for Plaintiff*

       /s/ Paul Allen England
       Paul Allen England

998993:1:NASHVILLE