## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| INGE GOODSON, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No.  1:12-cv-00065 |
| | ) | |
| BANK OF AMERICA, N.A. | ) | |
| | ) | |
| **Defendant.** | ) | |

### PLAINTIFF'S OPPOSITION TO
### DEFENDANT'S OBJECTIONS TO AND MOTION TO STRIKE
### EXHIBITS M, O. P. Q, R and U TO PLAINTIFF'S COUNTERSTATEMENT OF FACTS

This Court should deny Defendant Bank of America, N.A. (BANA)'s motion to strike or

disregard certain exhibits filed by Plaintiff Inge Goodson (Goodson) in support of her opposition

to BANA's motion for summary judgment.   As explained more fully below, these exhibits may

be considered on summary judgment.  They also would be admissible at trial and should not be

stricken.

**Exhibit M (Ginnie Mae Deposition) and Exhibit P (S&K Deposition) May Be Used**

**at Summary Judgment and Trial.**

BANA has moved to strike or disregard Exhibits M and P, which are prior depositions

taken in Goodson's related FDCPA case against BANA's attorneys, Shapiro & Kirsch, LLP

(S&K), pending before this Court, *Goodson v. Shapiro & Kirsch, LLP*, 1:11-cv-31 (M.D. Tenn.)

("*Goodson v. S&K*").   Exhibit M is the deposition of Ginnie Mae, while Exhibit P is the

deposition of S&K.

The prior depositions in the *Goodson v. S&K* case may be considered at summary

judgment, as if they are affidavits.  *Deen v. Egleston*, 601 F. Supp. 2d 1331, 1335 (S.D. Ga.

2009) (considering at summary judgment depositions taken in other cases where defendant was

not present and recognizing they operated like affidavits at summary judgment: "Affidavits are

admissible at the summary judgment stage, even though the affiants are not subject to

impeachment. As with affidavits, the deponents were under oath and testified about matters on

which they had personal knowledge. As such, the depositions may be considered."), *rev'd on*

*other grounds*, 597 F.3d 1223 (11th Cir. 2010).  Thus, Defendant's objections and motion to

strike should be denied, and this Court may consider the testimony for purposes of summary

judgment.

Moreover, the two prior depositions are admissible under Fed. R. Evidence 804, which in

relevant part provides:

Rule 804. Hearsay Exceptions; Declarant Unavailable

(a) Definition of unavailability. "Unavailability as a witness" includes situations
in which the declarant --

* * *

(b) Hearsay exceptions. The following are not excluded by the hearsay rule if the
declarant is unavailable as a witness:

(1) Former testimony. <u>Testimony given as a witness</u> at another hearing of
the same or a different proceeding, or <u>in a deposition taken in compliance with law in the course
of the same or another proceeding, if</u> the party against whom the testimony is now offered, or<u>, in
a civil action or proceeding, a predecessor in interest, had an opportunity and similar motive to
develop the testimony by direct, cross, or redirect examination</u>.

Fed. R. Evid. 804 (emphasis added).  In *Clay v. Johns-Manville Sales Corp.*, 722 F.2d 1289,

1295 (6th Cir. 1983), the Sixth Circuit adopted the Third Circuit's construction of Rule 804(b)(1)

and the following language:

> While we do not endorse an extravagant interpretation of who or what constitutes
> a "predecessor in interest," we prefer one that is realistically generous over one
> that is formalistically grudging.  We believe that what has been described as "the
> practical and expedient view" expresses the congressional intention: "<u>if it appears
> that in the former suit a party having a like motive to cross-examine about the
> same matters as the present party would have, was accorded an adequate
> opportunity for such examination, the testimony may be received against the
> present party.</u>"  Under these circumstances, the previous party having like motive

2

> to develop the testimony about the same material facts is, in the final analysis, a predecessor in interest to the present party.

(emphasis added) (quoting *Lloyd v. American Export Lines, Inc.*, 580 F.2d 1179, 1185 (3d Cir. 1978)). In *Clay*, the Sixth Circuit allowed testimony by a witness in a previous case against a different defendant in a subsequent case, even though that defendant was not present at the prior deposition. *Id.* That is the same situation here, and the prior deposition may be considered at summary judgment and admitted at trial given that S&K had like motive to develop testimony about the same material facts (indeed, S&K is BANA's attorney in related state court proceedings) and is therefore considered a predecessor in interest to BANA. *See id.*

Here, S&K had a like motive to develop the testimony about the same matters in those prior depositions at issue as BANA would have. Indeed, S&K &K was—and remains—BANA's agent for collecting on the loan. For example, S&K was BANA's agent in sending the FDCPA communications at issue in that case (and some of which are at issue in this case) and in preparing and filing the foreclosure-related documents at issue in that case (and some of which are at issue in this case), including the improper and misleading declaration in the state court action as to BANA supposedly purchasing the property at foreclosure. Indeed, S&K still represents BANA in that ongoing state court action. Clearly, S&K and BANA had similar motive to develop testimony of the witnesses. S&K therefore was a predecessor in interest to BANA, and the testimony from the prior case may be used (indeed, admitted) in this case. *See Clay*, 722 F.2d at 1295.

Exhibits M and P also is admissible under Fed. R. Civ. P. 32(a)(8). That rule allows a deposition lawfully taken in a prior action to be used in a subsequent action if the actions involve "the same subject matter" and were "between the same parties, or their representatives or successors in interest . . ." "Courts have liberally construed the latter two requirements of Rule 32(a)(8)—identity of subject matter and parties—and have allowed use of deposition testimony

3

when there is a substantial identity of issues." 7-32 <u>Moore's Federal Practice - Civil</u> § 32.63

(citing *Hub v. Sun Valley Co.*, 682 F.2d 776, 778 (9th Cir. 1982)). As *Hub* noted, these

requirements "have been construed liberally in light of the twin goals of fairness and efficiency.

The accepted inquiry focuses on whether the prior cross-examination would satisfy a reasonable

party who opposes admission in the present lawsuit." 682 F.2d at 778. In that regard, "courts

have required only a substantial identity of issues, and the presence of an adversary with the

same motive to cross-examine the deponent." *Id.* (citations omitted). *See also*, *George R.*

*Whitten, Jr., Inc. v. State University Constr. Fund*, 359 F. Supp. 1037, 1039 (D. Mass. 1973)

("Rule 32(a), . . . impliedly prohibits the use of a deposition against any party who was not

present or represented at the taking of such deposition or who had no reasonable notice thereof. .

. . The rule, however, has not been read so narrowly. It has been repeatedly held that the presence

of an adversary with the same motive to cross-examine the deponent, coupled with a substantial

identity of issues, in the prior action may suffice to permit the usage of a prior deposition in a

subsequent action.").

     The presence of another adversary (S&K) with the same motive to cross-examine,

coupled with a substantial identity of issues (matters relating to the collection efforts and

foreclosure), permit this Court to admit the deposition from the S&K case to this action. As

shown above in regard to Fed .R. Evid. 804(b)(1), S&K had the same motive to cross-examine as

BANA. These cases involve the same subject matter, as this Court previously has recognized by

granting S&K's request to move the trial date in that case due to the related nature of the

proceedings. They both have a substantial identity of issues, as both involve FDCPA violations

by BANA and its attorney, S&K. As shown above, both parties were involved in the same or

similar communications or actions at issue, as they relate to events from 2009 through and after

4

the foreclosure on Goodson's home. This is enough to allow the use of the prior depositions in this case. *See cases above.*

But there is more. "For purposes of Rule 32, a 'representative' is interchangeable with an agent." 7-32 Moore's Federal Practice - Civil § 32.63 (citing *Acme Printing Ink Co. v. Menard, Inc.*, 812 F. Supp. 1498, 1523 (E.D. Wis. 1992) (holding "representative" is interchangeable with "agent."). The prior depositions involved Goodson and S&K. S&K is BANA's agent for collecting on the loan. For example, S&K was BANA's agent in sending the FDCPA communications at issue in that case (and some of which are at issue in this case) and in preparing and filing the foreclosure-related documents at issue in that case (and some of which hare at issue in this case), including the improper and misleading declaration in the state court action as to BANA supposedly purchasing the property at foreclosure. Indeed, S&K still represents BANA in that ongoing state court action. The prior depositions may be used under Rule 32(a)(8) and are admissible under the rules of evidence.

In sum, Exhibits M and P may be considered at summary judgment and are admissible at trial in this case.

Finally, as specifically relates to the S&K deposition (Exhibit P), it is appropriate for to be considered at summary judgment, as it would be admissible at trial as statements by BANA's agent while S&K represented BANA in the ongoing state court proceedings and represented BANA on the other debt collection efforts. *See* Fed. R. Evid. 801(d)(2)(D) (defining as not hearsay: "the statement is offered against an opposing party and" . . . "was made by the party's agent . . . on a matter within the scope of that relationship and while it existed").

**Exhibits O, Q, R, and U Are Properly Before the Court for Summary Judgment and Would Be Admissible at Trial.**

BANA has moved to strike and disregard letters Goodson received from BANA. Specifically, Exhibit O is a December 10, 2010 letter that Goodson received from BANA, while Exhibit U is a May 9, 2011 letter. BANA claims they are unauthenticated, apparently because Goodson has not testified via declaration that she received them. Yet, these documents were produced to defendant as responses to its request for communications between Goodson and any representative of defendant. BANA does not deny their authenticity. It simply states that Goodson has not authenticated them for purposes of summary judgment. This places form over substance, as Goodson will testify at trial that she received them and, indeed, both have her hand writing on them. But even if these need a declaration in support, the Goodson asks the Court for leave to submit a declaration stating she received the documents, as is now allowed under Rule 56(e)(1). (Defendant's cases pre-date the 2010 amendment adding new Rule 56(e)(1).) These letters also are directly relevant to this case as they show that BANA's (and S&K's) prior communications to Goodson are false or otherwise support that they violated the FDCPA.

As to Exhibits Q and R, those are letters dated July 6, 2010 and August 8, 2010 that Goodson received from S&K. BANA complains that they are not relevant and should be stricken or disregarded. Not so. Exhibit Q is directly relevant, as it is a communication from BANA's agent, S&K, that states an alleged owner of the debt (bates page 48) that conflicts with other communications at issue and falsely states BANA owned the loan. This statement thus is relevant to BANA's later communications that it was not the creditor on Goodson's debt. Exhibit R likewise is directly relevant to this case. It is another communication from S&K, BANA's agent, stating that her loan was "sold at a foreclosure sale." That document therefore is relevant to why BANA would then be sending Goodson communications a year later stating that

6

she still owed more than her original balance on her home loan.  That will be a critical issue at

trial for the jury to resolve.

* * *

The court should deny BANA's motion for the reasons stated herein or as may be

determined by the Court.

Respectfully submitted,

By:    *s/ John Ates*

John R. Ates, VA Bar #71697 (*pro hac vice*)
Ates Law Firm, P.C.
1800 Diagonal Road, Suite 600
Alexandria, VA 22314
Telephone: (703) 647-7501
Facsimile:  (703) 229-6430
*Email:  j.ates@ateslaw.com*

Patrick Barrett (No. 20394)
Barrett Law Office, PLLC
2021 Richard Jones Road, Suite 300
Nashville, Tennessee 37215
Telephone: (615) 463-4000
Facsimile: (615) 463-3717
Email:  pbarrett@barrettlawofficetn.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing has been served via electronic

filing this 21st day of June, 2013 to the following counsel of record:

Lauren Paxton Roberts
Paul Allen England
Stites & Harbison, PLLC (Nashville)
SunTrust Plaza
401 Commerce Street
Suite 800
Nashville, TN 37219
(615) 782-2284
Fax: (615) 742-0729
Email: lauren.roberts@stites.com
paul.england@stites.com

Kelli Burns (pro hac vice)
McGuireWoods LLP
201 N. Tryon St.
Suite 3000
Charlotte, NC 28202
Direct Dial: 704-343-2172
Direct Fax: 704-373-8828
kburns@mcguirewoods.com

Counsel for Defendant

*s/ John Ates*
John R. Ates, VA Bar #71697 (*pro hac vice*)
Ates Law Firm, P.C.
1800 Diagonal Road, Suite 600
Alexandria, VA 22314
Telephone: (703) 647-7501
Facsimile:  (703) 229-6430
*Email:  j.ates@ateslaw.com*

8