IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

INGE GOODSON,

    *Plaintiff*,

v.

BANK OF AMERICA, N.A.,

    *Defendant*.

Case No. 1:12-cv-00065

## DEFENDANT'S RESPONSE TO PLAINTIFF'S EMERGENCY MOTION TO CONTINUE TRIAL DATE AND CONSOLIDATE TRIALS

Defendant Bank of America, N.A. ("BANA"), by its undersigned attorneys, respectfully submits this Response to Plaintiff's Emergency Motion to Continue Trial Date and Consolidate Trial (the "Motion"). BANA does not oppose a continuance of the trial date. BANA does, however, oppose consolidation of the above-captioned matter with *Goodson v. Shapiro & Kirsch, LLP* (the "Shapiro case"), docket number 11-cv-31 in this Court.

Fed. R. Civ. P. 42(a) governs consolidation of cases. Under Rule 42(a), a federal court may order a joint hearing or trial or order actions consolidated when the "actions before the court involve a common question of law of fact." Fed. R. Civ. P. 42(a). In deciding whether cases should be consolidated, the Court must consider:

> [W]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993) (quoting *Hendrix v. Raybestos-Manhattan, Inc.,* 776 F.2d 1492, 1495 (11th Cir.1985)). The decision to consolidate "must be

1

made thoughtfully" and "with specific reference to the factors identified above." *Id.* Furthermore, when the savings to the judicial system are slight, "the risk of prejudice to a party must be viewed with even greater scrutiny." *Id.*

Considering the factors outlined in *Cantrell,* consolidation of this matter and the Shapiro case is inappropriate. Both this case and the Shapiro case are short trials that the parties anticipate to last no more than one day, and the issues in these cases do not significantly overlap. Accordingly, any savings to the judicial system that result from consolidation would be slight, and the Court should consider the risk of prejudice to BANA and Shapiro with increased scrutiny.

First, BANA and Shapiro are separate and distinct entities, and the question of whether each is subject to Fair Debt Collection Practices Act ("FDCPA") liability is a separate inquiry. BANA is not subject to FDCPA liability as a debt collector solely because Shapiro may be, but trying the cases together creates a risk that the jury will view the potential liability of one defendant as the liability of both defendants.

Second, any risk of inconsistent adjudication is minimal. Both cases are pending before the same judge in the same Court. BANA trusts that the Court can consistently adjudicate both matters.

Furthermore, contrary to Plaintiff's argument, the issues in this case do not significantly overlap with those in the Shapiro case, and the risks of prejudice to BANA and of possible confusion are high. Although both cases have claims that are based upon the FDCPA, the communications on which Plaintiff bases her claims are different. Plaintiff's claim in the Shapiro case is based entirely on a letter dated May 6, 2010. (*See gen.* Doc. 26 in case 11-cv-31.) Plaintiff alleges that this letter violated the FDCPA because it falsely, deceptively, or

2

misleadingly misrepresented the creditor to whom Plaintiff's debt was owed and failed to identify the creditor to whom the debt was owed. (*Id.* at ¶¶ 16-17.) Although Plaintiff brings this same claim against BANA in this case, as has been extensively briefed at the summary judgment stage of this proceeding, this claim is time barred against BANA. The risk of prejudice and confusion in allowing Plaintiff to present evidence of a claim that is time barred against BANA at a consolidated trial is extremely high.

In the same vein, the crux of each of these cases is different. Plaintiff's case against Shapiro is based on allegations that occurred prior to foreclosure. Plaintiff, however, did not file her claims against BANA until more than one year after the foreclosure, making any FDCPA claims based on pre-foreclosure activities time barred against BANA. Accordingly, Plaintiff includes in her Complaint allegations against BANA for post-foreclosure activities, specifically allegations that BANA misrepresented the amount of the debt owed. (Doc. 1 ¶ 20.) These allegations are not at issue in the Shapiro case, and consolidation would create an undue risk of confusion as to which defendant is potentially liable for which alleged actions.

Lastly, consolidating the trials will not result in any significant savings in judicial resources. BANA and Shapiro are separate and distinct entities, and the Court will have to make a separate determination as to whether each entity is a debt collector subject to the FDCPA regardless of whether the trials are consolidated. Similarly, each letter at issue in these cases constitutes a separate alleged FDCPA violation and must be analyzed separately. As no letter is at issue in both cases, a consolidated trial would not save the Court from analyzing the same letter more than once. The trial in this case is anticipated to last only one day. Any overlap between these two cases is insignificant, and Defendant would submit that there would be no time saving by consolidation. Consolidation would, however, muddy the waters and create a risk
3

of confusion as to which defendant is potentially liable for which alleged activities. This confusion puts both defendants at risk of being prejudiced by conduct for which they are not legally responsible.

For the foregoing reasons, BANA respectfully requests that the Court enter an Order denying Plaintiff's request to consolidate this case with the Shapiro case and such other and further relief as the Court may deem just and appropriate.

This is the 24th day of June, 2013.	Respectfully submitted,

/s/ J. Matthew Kroplin
Paul Allen England
J. Matthew Kroplin
STITES & HARBISON, PLLC
401 Commerce Street, Suite 800
Nashville, TN 37219
(615) 782-2286 (phone)
(615) 742-0711 (fax)
*Matthew.kroplin@stites.com*

Kelli Burns (pro hac vice)
McGuireWoods LLP
201 N. Tryon St., Suite 3000
Charlotte, NC 28202
Direct Dial: 704-343-2172
Direct Fax: 704-373-8828
*kburns@mcguirewoods.com*
*Counsel for Bank of America, N.A.*

CERTIFICATE OF SERVICE

I do hereby certify that on this the 24th day of June, 2013, a true and exact copy of the foregoing **Response to Plaintiff's Emergency Motion to Continue Trial Date and Consolidate Trial** has this day been filed with the Clerk of the Court using the CM/ECF system and served via the Court's CM/ECF system upon:

Patrick Barrett
Barrett Law Office, PLLC
2021 Richard Jones Road, Suite 300
Nashville, Tennessee 37215
pbarrett@barrettlawofficetn.com

4

Henry Franklin Todd, Jr.
Todd & Spencer Law Firm
404 E. College Street
Dickson, Tennessee 37055
henrytoddjr@bellsouth.net

John R. Ates
Ates Law Firm, P.C.
1800 Diagonal Road
Suite 600
Alexandria, Virginia 22314
j.ates@ateslaw.com

*Attorneys for Plaintiff*


      /s/ J. Matthew Kroplin

1002540:1:NASHVILLE

5

Case 1:12-cv-00065   Document 40   Filed 06/24/13   Page 5 of 5 PageID #: 805