IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

INGE GOODSON,

    *Plaintiff*,

v.

BANK OF AMERICA, N.A.,

    *Defendant*.

Case No. 1:12-cv-00065

## BANK OF AMERICA, N.A.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant Bank of America, N.A. ("BANA" or "Defendant"), by its undersigned attorney, and pursuant to Rule 12 of the Federal Rules of Civil Procedure respectfully submits this Answer and Affirmative Defenses to Plaintiff Inge Goodson's ("Plaintiff") Complaint ("Complaint").

1. Defendant states that the allegations contained in this Paragraph of the Complaint are denied.

## PARTIES

2. Defendant states that the allegations contained in this Paragraph of the Complaint are admitted upon information and belief.

3. Defendant states that the allegations contained in this Paragraph of the Complaint are denied.

4. Defendant admits it is a national bank and is in the business of servicing mortgage loans as it relates to this action. Except as admitted herein, the allegations of this Paragraph of the Complaint are denied.

5. Defendant states that the allegations contained in this Paragraph of the Complaint are denied.

6. Defendant states that the allegations contained in this Paragraph of the Complaint are denied.

1

## JURISDICTION AND VENUE

7. Defendant states that the allegations contained in this Paragraph of the Complaint are admitted.

8. Defendant admits that venue is proper. Except as admitted herein, the allegations of this Paragraph of the Complaint are denied.

## FACTUAL ALLEGATIONS

9. Defendant admits that Plaintiff obtained a loan with Taylor, Bean, and Whitaker Mortgage Corporation related to property located at 6914 McAdoo Branch Road, Lyles, Tennessee 37098.

10. Defendant states that the allegations contained in this Paragraph of the Complaint are admitted.

11. Defendant states Plaintiff's loan went into default sometime prior to February 2009. Except as admitted herein, the allegations of this Paragraph of the Complaint are not directed at Defendant and therefore, denied.

12. Defendant states Plaintiff's loan was owned by Government National Mortgage Association prior to Defendant taking over servicing of the loan. Except as admitted herein, the allegations of this Paragraph of the Complaint are denied.

13. Defendant states that the allegations of this Paragraph of the Complaint reference a document which speaks for itself. To the extent the allegations herein contradict the document, those allegations are denied. To the extent a response to the allegations is required, they are denied.

14. Defendant states that the allegations contained in this Paragraph of the Complaint are denied.

15. Defendant states that the allegations of this Paragraph of the Complaint reference a document which speaks for itself. To the extent the allegations herein contradict the document, those allegations are denied. To the extent a response to the allegations is required, they are denied.

16. Defendant states that the allegations of this Paragraph of the Complaint reference a document which speaks for itself. To the extent the allegations herein contradict the document, those allegations are denied. To the extent a response to the allegations is required, they are denied.

17. Defendant admits Shapiro & Kirsch, LLC, as substitute trustee, foreclosed on Plaintiff's property in August 2010.

18. Defendant states that the amount bid at foreclosure is reflected in the substitute trustee deed from August 3, 2010. Except as admitted herein, the allegations of this Paragraph of the Complaint are denied.

19. Defendant states that the allegations contained in this Paragraph of the Complaint are denied.

20. Defendant states that the allegations of this Paragraph of the Complaint reference a document which speaks for itself. To the extent the allegations herein contradict the document, those allegations are denied. To the extent a response to the allegations is required, they are denied.

21. Defendant states it received a Qualified Written Request ("QWR") from Plaintiff dated July 8, 2011.

22. Defendant states the allegations of this Paragraph of the Complaint reference a document which speaks for itself. To the extent the allegations herein contradict the document, those

allegations are denied. To the extent a response to the allegations is required, they are denied.

23. Defendant states that the allegations contained in this Paragraph of the Complaint are denied.

24. Defendant states that the allegations contained in this Paragraph of the Complaint are legal conclusions, and therefore no response is required. To the extent a response is required, the allegations are denied.

25. Defendant states that the allegations contained in this Paragraph of the Complaint are legal conclusions, and therefore no response is required. To the extent a response is required, the allegations are denied.

26. Defendant states that the allegations contained in this Paragraph of the Complaint are legal conclusions, and therefore no response is required. To the extent a response is required, the allegations are denied.

27. Defendant states that it does act as servicer for loans which includes the collection of monthly payments and distribution of payments and the collection of funds for taxes and insurance. Except as admitted herein, the allegations of this Paragraph of the Complaint are denied.

## COUNT I – FDCPA VIOLATIONS

28. Defendant realleges and reincorporates by reference all prior responses contained herein.

29. Defendant states that the allegations contained in this Paragraph of the Complaint are legal conclusions, and therefore no response is required. To the extent a response is required, the allegations are denied.

30. Defendant states that the allegations contained in this Paragraph of the Complaint are denied.

31. Defendant states that the allegations contained in this Paragraph of the Complaint are denied.

32. Defendant states that the allegations contained in this Paragraph of the Complaint are denied.

33. Defendant denies Plaintiff is entitled to the relief contained in the Wherefore paragraph.

34. Except as expressly admitted herein, Defendant denies any allegation contained in the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted against Defendant.

### SECOND DEFENSE

Any and all damages incurred by Plaintiff were the direct and proximate result of the acts or omissions of a person or entity other than Defendant, including Plaintiff.

### THIRD DEFENSE

Plaintiff was a party to one or more written agreements with her lender. Defendant asserts the fact that such written agreements were admittedly entered into, as well as the terms of such written agreements, as a bar to Plaintiff's claims.

### FOURTH DEFENSE

Plaintiff failed to mitigate, minimize, or avoid costs associated with her claims.

### FIFTH DEFENSE

At all times relevant to the above-captioned action, Defendant administered its loan obligations in conformity with applicable laws.

### SIXTH DEFENSE

The statute of limitations is a bar to Plaintiff's claim

.

### SEVENTH DEFENSE

Plaintiff's damages, if any, were caused by her acts or omissions.

### EIGHTH DEFENSE

The Complaint is barred, in whole or in part, to the extent that Defendant's alleged actions were justified.

### NINTH DEFENSE

Plaintiff is not entitled to compensatory damages, punitive damages or relief of any kind as to the Defendant.

### TENTH DEFENSE

Any award of damages to the Plaintiff is subject to any applicable statutory caps.

### ELEVENTH DEFENSE

Plaintiff is not entitled to attorney's fees or costs.

### PRESERVATION OF OTHER DEFENSES

Defendant reserves the right to assert other defenses as may be shown by the facts and applicable law.

WHEREFORE, Defendant, having answered and raised affirmative defenses in response to the Complaint, respectfully requests that the Court enter an order (1) dismissing the Complaint with prejudice; (2) entitling Defendant to recover the cost incurred in defending this action, including attorneys' fees and discretionary litigation costs; (3) finding in Defendant's favor and entering judgment in Defendant's favor on all counts of the Complaint; and (4) granting such other and further relief that the Court may deem just and proper.

This is the 4th day of October, 2013.

Respectfully submitted,

 s/ Lauren Paxton Roberts
Lauren Paxton Roberts
STITES & HARBISON, PLLC
SunTrust Plaza
401 Commerce Street, Suite 800
Nashville, TN  37219
(615) 782-2284 (phone)
(615) 742-0729 (fax)
*Lauren.roberts@stites.com*

Kelli Burns (pro hac vice)
McGuireWoods LLP
201 N. Tryon St.
Suite 3000
Charlotte, NC 28202
Direct Dial: 704-343-2172
Direct Fax: 704-373-8828
*kburns@mcguirewoods.com*
*Counsel for Bank of America, N.A.*

CERTIFICATE OF SERVICE

      I do hereby certify that true and exact copies of the foregoing **Bank of America, N.A.'s Answer and Affirmative Defenses** has this day been filed with the Clerk of the Court using the CM/ECF system which sent notice of filing to parties listed and mailed a true copy of same via prepaid First Class mail and/or electronic mail to:

    Patrick Barrett
    Barrett Law Office, PLLC
    2021 Richard Jones Road, Suite 300
    Nashville, Tennessee 37215
    pbarrett@barrettlawofficetn.com

    Henry Franklin Todd, Jr.
    Todd & Spencer Law Firm
    404 E. College Street
    Dickson, Tennessee 37055
    henrytoddjr@bellsouth.net

    John R. Ates
    Ates Law Firm, P.C.
    1800 Diagonal Road
    Suite 600
    Alexandria, Virginia 22314
    j.ates@ateslaw.com
    *Attorneys for Plaintiff*

    Dated this 4th day of October, 2013.

                                               s/ Lauren Paxton Roberts
                                               Lauren Paxton Roberts

1019958:1:NASHVILLE